Mark R. Thierman NV#8285
laborlawyer@pacbell.net
**THIERMAN LAW FIRM, PC**
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500
Fax: (775) 703-5027
E-mail: laborlawyer@pacbell.net

Matthew J. Piers
mpiers@hsplegal.com
José Jorge Behar
jbehar@hsplegal.com
Christopher J. Wilmes
cwilmes@hsplegal.com
Caryn C. Lederer
clederer@hsplegal.com
**HUGHES SOCOL PIERS RESNICK & DYM, LTD.**
70 W. Madison Street, Suite 4000
Chicago, IL 60602
Tel: (312) 580-0100
Fax: (312) 580-1994

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

VÍCTOR RIVERA RIVERA, ERNESTO
SEBASTIAN CASTILLO RIOS, VICENTE
CORNEJO LUGO, JESÚS GARCÍA MATA,
LUIS ÁNGEL GARCÍA MATA,
GAUDENCIO GARCÍA RÍOS, SIMÓN
GARCÍA RÍOS, VICENTE CORNEJO
CRUZ, EMILIO MONTOYA MORALES,
JORGE LUIS AGUILAR SOLANO,
DOMINGO RAMOS RIOS, ARTEMIO
RINCÓN CRUZ, SERGIO RIOS RAMOS,
PEDRO RIVERA CAMACHO, GERARDO
RIOS RAMOS, REGULO RINCON CRUZ,
AURELIANO MONTES MONTES,
MANUEL RIVERA RIVERA, JOSE
BALDERAS GUERRERO, VIRGILIO
MARQUEZ LARA, MARTIN FLORES
BRAVO, individually and on behalf
of all other persons similarly situated,

                    Plaintiffs,

        vs.

**PLAINTIFFS' MEMORANDUM OF
POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS**

**CASE NO.   3:11-CV-118-RCJ-VPC**

1  **PERI & SONS FARMS, INC.,**                    )
                                                    )
2                     **Defendant.**                )

3                          ## Introduction

4       Plaintiffs are twenty-one Mexican citizens who contracted with Defendant, through

5  the United States Department of Labor's H-2A program, to perform work on Defendant's
6
7  onion farm between 2005 and 2011.  Plaintiffs allege that Defendant consistently failed to

8  pay them contractually-agreed upon wages and failed to reimburse them for work, travel, and

9  immigration expenses as required by contract and statute.   In this lawsuit, Plaintiffs, on
10
   behalf of themselves and others similarly situated, seek to recover the wages and expenses
11
12 that Defendant owes them.  Plaintiffs bring their claims under the Fair Labor Standards Act

13 ("FLSA"), Nevada Wage and Hour Laws, Nevada Constitution, and Nevada common law.

14      Defendant has filed a motion to dismiss arguing that Plaintiffs' allegations fail to state

15 a claim upon which relief can be granted and that their claims are barred by the applicable
16
   statute of limitations.  Defendant further argues that, even if Plaintiffs' state law claims are
17
18 valid, the Court should decline to exercise supplemental jurisdiction over those claims under

19 28 U.S.C. § 1367.   In this memorandum, Plaintiff responds to Defendant's arguments.

20 Additionally, in a separate filing, Plaintiff asks the Court for leave to file a Second Amended

21 Complaint to establish a separate basis of federal jurisdiction for Plaintiffs' state law claims –
22
   the Class Action Fairness Act – and to provide additional factual detail in support of those
23
24 claims.

25      For the reasons outlined in this memorandum and in light of the additional allegations

26 contained in Plaintiffs' proposed Second Amended Complaint, the Court should deny the
27
   Defendant's motion in its entirety.
28

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS

### Plaintiffs' Allegations

Plaintiffs' current Amended Complaint alleges that Defendant recruited and hired Plaintiffs – who are all Mexican nationals – to work as temporary agricultural workers on its Yerington, Nevada onion farm as part of the United States Department of Labor's H-2A program, 8 U.S.C. § 1101(a)(15)(H)(ii)(a). Plaintiffs' Amended Complaint ¶ 9.[1]   Defendant recruited Plaintiffs in various locations throughout Mexico to fill H-2A positions certified by the Department of Labor ("DOL"). *Id.* ¶ 14.

Under the DOL's regulations implementing the H-2A program, Defendant was required to submit clearance orders to the DOL describing the terms and conditions of Plaintiffs' and the other Class Members' employment.  The clearance orders, which also incorporate by reference the employer obligations set forth in the H-2A regulations, served as an employment contract between Plaintiffs and the other Class Members and the Defendant. 20 C.F.R. § 655.122(q); Pls' Am. Compl. ¶ 13.  Under the clearance orders and under the applicable DOL regulations, Defendant was required to pay H-2A workers the applicable adverse effect wage rate (which is higher than both Nevada and the federal minimum wage), comply with all federal and state employment-related laws and regulations, and provide or pay for transportation from the workers' home country to the employer's workplace.  20 C.F.R. § 655.122(h) & (l); 20 C.F.R. § 655.135(e); Pls' Am. Compl. ¶ 9.  Additionally, under the applicable DOL regulations and upon completion of the Plaintiffs' work contract periods, Defendant was required to pay for the expenses that Plaintiffs would incur during their return trips to Mexico. 20 C.F.R. § 655.122(h); Pls' Am. Compl. ¶ 9.

---

[1]   Although, contemporaneously with this response, Plaintiffs seek leave to file a Second Amended Complaint to add allegations under the Class Action Fairness Act, Plaintiffs' legal claims remain the same.

3

Before the Plaintiffs arrived at Defendant's farm to begin work, they incurred many expenses for the Defendant's benefit.  Defendant's agents required many of the Plaintiffs to pay a hiring or recruitment fee to be considered for work on Defendant's farm.  Pls' Am. Compl. ¶ 14.  Many of the Plaintiffs had to purchase a Mexican passport to travel to the United States, and all of the Plaintiffs had to pay for travel expenses from their homes to the United States Consulate in Hermosilla, Sonora, Mexico to apply for H-2A visas.  *Id.* ¶ 15.  In addition, Plaintiffs paid for lodging in Hermosilla while their visas were processed, and they paid the fees associated with their visa applications.  *Id.*  Finally, Plaintiffs paid a fee to obtain a Form I-94, which is a prerequisite to entering the United States and paid for transportation from the Mexico-United States border to Defendant's farm.  *Id.* ¶ 16.  Defendant never reimbursed Plaintiffs for any of these pre-employment expenses, as required by the clearance orders and the DOL regulations.  *Id.* ¶ 18.

Plaintiffs also incurred travel expenses when their work contract expired.  Plaintiffs paid for transportation back to their homes in Mexico and also incurred lodging and subsistence expenses during the course of that return trip.  *Id.* ¶ 22.  Defendant never fully reimbursed the Plaintiffs for the necessary expenses that they incurred when traveling home to Mexico, again as required by the clearance orders and the DOL regulations.  *Id.* ¶ 22.[2]

Plaintiffs' Amended Complaint alleges that Defendant breached the clear and express terms of the parties' employment contract in a number of different ways:

- by paying Plaintiffs at an hourly rate that was less than the agreed-upon adverse effect wage rate (*Id.* ¶ 19);

---

[2] In its motion, Defendant repeatedly refers to these expenses as "personal travel and immigration costs." *See, e.g.,* Def's Motion at 4, 7.  It is unclear why Defendant has labeled these necessary expenses as "personal", because they were all incurred for the benefit of the Defendant and, in any event, are properly reimbursable under the FLSA and the applicable DOL regulations.

4

- • by never reimbursing Plaintiffs for travel and immigration expenses that they incurred en route to Defendant's farm and for Defendant's benefit (*Id.* ¶ 18);

- • by never reimbursing Plaintiffs for gloves that were necessary to perform work on Defendant's farm (*Id.* ¶ 17-18);

- • by never fully reimbursing Plaintiffs for travel expenses that they incurred to pay for their return trip to Mexico (*Id.* ¶ 22);

- • by not paying Plaintiffs for all hours worked (*Id.* ¶ 19).

Plaintiffs' Amended Complaint also alleges that Defendant violated the Plaintiffs' rights under the FLSA, the Nevada Wage and Hour Laws, and the Nevada Constitution, by not reimbursing the Plaintiffs, during their first week of work, for travel and immigration expenses that they incurred for Defendant's benefit.  Finally Plaintiffs' Amended Complaint alleges that Defendant is liable to each of the Plaintiffs and each of the putative class members in the amount of all wages due and owing, as well as a penalty amounting to one-month worth of wages, as provided in NRS 608.040 & 608.050.

<u>Argument</u>

On a motion to dismiss, the Court accepts Plaintiffs' allegations as true and draws all reasonable inferences in their favor. *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).  Despite Defendant's predictable warning that the Supreme Court's *Twombly* and *Iqbal* decisions have "heightened pleading standards governing Rule 12(b)(6) motion," the reality remains that Plaintiff's Rule 8 pleading obligations remain exceedingly low. *See Erickson v. Pardusi*, 551 U.S. 89, 93 (2007) ("[Fed. R. Civ. P.] 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests.'") (quoting *Twombly*, 550 U.S. at 555); *Doe v. Holy See*, 557 F.3d 1066, 1073-74 (9th Cir. 2009).

I.   **Every court that has considered the identical legal claims raised in Plaintiffs' Amended Complaint has held that an employer violates the FLSA by not reimbursing an H-2A worker for necessary travel and immigration expenses during the employee's first week of work.**

Defendant contends that Plaintiffs' FLSA claims for full reimbursement of their inbound travel and immigration expenses "have no basis in federal law." Def.'s Mot. to Dismiss at 8. In making such an assertion, however, Defendant ignores the fact that every single court that has addressed this issue has held that H-2A workers, such as Plaintiffs here, have a right to reimbursement for inbound travel and immigration expenses under the FLSA. As a result, the Court should summarily reject the Defendant's argument.

The FLSA required Defendant to pay Plaintiffs at least the minimum wage of $7.25 for all hours worked on Defendant's farm. 29 U.S.C. 206(a)(1); 20 C.F.R. § 655.135(e). Under the FLSA, if an employer requires an employee to incur a pre-employment expense that is primarily for the benefit of the employer, then the employer must reimburse the employee for that expense during the first week of work if the expense would otherwise drop the employee's average weekly wage below $7.25 per hour. 29 C.F.R. § 531.35. "Failing to reimburse plaintiffs for their expenditures is equivalent to an employer paying for these expenses and then improperly deducting them from the employees' pay for the first workweek." *Gaxiola v. Williams Seafood of Arapahoe, Inc.*, No. 4:08-CV-134-H(3), --- F. Supp. 2d ---, 2011 WL 806792, *5 (E.D.N.C. March 1, 2011).

Despite Defendant's argument to the contrary, every single court that has considered the issue has held that an employer violates the FLSA by not reimbursing an H-2A worker for all necessary travel and immigration expenses during his or her first week of

6

employment, because failure to reimburse those expenses drops the worker's wages below those mandated by the FLSA. *See, e.g., Arriaga v. Fla. Pacific Farms*, 305 F.3d 1228, 1242-1244 (11th Cir. 2002); *Salazar-Martinez v. Fowler Bros., Inc.*, No. 10-CV-6257, 2011 WL 915675, *10 (W.D.N.Y March 15, 2011); *Ojeda-Sanchez v. Bland Farms, LLC*, 2010 WL 3282984, *9 (S.D. Ga. Aug. 18, 2010); *Morales-Arcadio v. Shannon Produce Farms, Inc.*, No. 605CV062, 2007 WL 2106188, *16-17 (S.D. Ga. July 18, 2007); *Martinez-Bautista v. D&S Produce*, 447 F. Supp. 2d 954, 963-64 (E.D. Ark. 2006); *Avila-Gonzalez v. Barajas*, No. 2:04CV567-FTM-33DNF, 2006 WL 643297, *3 (M.D. Fla. Mar. 2, 2006); *De Luna-Guerrero v. North Carolina Grower's Ass'n, Inc.*, 338 F. Supp. 2d 649, 661 (E.D.N.C. 2004). *See also* 20 C.F.R. § 655.122(h)(2) (stating that an employer's obligation to reimburse travel and immigration expenses under the H-2A regulations exists separate and apart from the employer's obligations under FLSA.).[3]

The single case upon which Defendant relies in its motion, *Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393 (5th Cir. 2010), is inapposite because it involves H-2B workers, not H-2A workers, and the H-2B program is an entirely different regulatory scheme for guestworkers. Indeed, there are only two cases holding that an employer does not violate FLSA by failing to reimburse an H-2B worker for all necessary travel and immigration expenses during his or her first week of work. *See Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 400 (5th Cir. 2010) (8-6 en banc decision); *Villanueva-Bazaldua v. Trugreen Limited Partners*, 479 F. Supp. 2d 411, 418 (D. Del. 2007). Those cases base their holding on the obvious differences between the H-2A regulations and the H-2B regulations:

---

[3] Because every court that has considered this issue, without exception, has recognized the validity of Plaintiffs' FLSA claims, Plaintiffs have also adequately alleged that Defendant's FLSA violations were willful, in that it acted in reckless disregard of its legal obligations. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988).

7

the applicable H-2A regulations explicitly require reimbursement of inbound travel expenses while the applicable H-2B regulations do not.  Even the case relied upon by Defendant in its motion acknowledges this crucial difference.  *See Castellanos-Contreras*, 622 F.3d at 400 ("No statute or regulation expressly states that in-bound travel expenses must be advanced or reimbursed by an employer of an H-2B worker.  There are laws that say that . . . inbound expenses for H-2A workers require reimbursement."); *see also Villanueva-Bazaldua*, 479 F. Supp. 2d at 418 (citing the difference between the H-2B regulations and the H-2A regulation in support of the court's holding that "the court is not persuaded that *Arriaga* should be extended to the H-2B program.").

Defendant fails to recognize that this case involves H-2A workers and not H-2B workers, so *Castellanos-Contreras* and *Villanueva Bazaldua* do not apply.  Moreover, even in the H-2B context, the majority of courts disagree with *Castellanos-Contreras* and *Villanueva Bazaldua* and conclude that an H-2B worker's travel and immigration expenses must be reimbursed during the first week of work in the same way that an H-2A worker's travel and immigration expenses must be reimbursed.  *See, e.g., Morcante-Navarro v. T&Y Pine Straw, Inc.*, 350 F.3d 1163, 1166 n.2 (11th Cir. 2003) (holding that an employer violates FLSA by not reimbursing an H-2B worker's travel and immigration expenses during his or her first week of work); *Gaxiola v. Williams Seafood of Araphahoe, Inc.*, No. 4:08-CV-135-H(3), --- F. Supp. 2d ---, 2011 WL 806792, *6-7 (E.D.N.C. March 1, 2011) (same); *Teoba v. Trugreen Landcare, LLC*, No. 10-CV-6132 CJS, --- F. Supp. 2d ---, 2011 WL 573572, *9 (W.D.N.Y. Feb. 15, 2011) (same); *Rosales v. Hispanic Employee Leasing Program, LLC*, No. 1:06-CV-877, 2008 WL 363479, *1 (W.D. Mich. Feb. 11, 2008) (same); *Rivera v.*

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS

1  *Brickman Group, Ltd.*, No. 05-158, 2008 WL 81570, *11-13 (E.D. Penn. Jan. 7, 2008)

2  (same).

3      Like every other court that has considered the issue, this Court should deny

4  Defendant's motion to dismiss and rule that Plaintiffs' FLSA minimum-wage claim states a

5  viable cause of action.  Additionally, because there is no reason to believe that Nevada courts

6  would interpret the minimum wage provisions in the Nevada Constitution and Nevada Wage

7  would interpret the minimum wage provisions in the Nevada Constitution and Nevada Wage

8  and Hour Laws any differently, the Court should deny Defendant's motion to dismiss

9  Plaintiffs' state law minimum wage claims.  *See* NRS 608.250 (requiring the Nevada Labor

10  Commissioner to establish a state minimum wage *"in accordance with federal law."); Prieur*

11

12  *v. D.C.I. Plasma Ctr. of Nev., Inc.*, 726 P.2d 1372, 1373 (Nev. 1986) (relying on case law

13  interpreting the Fair Labor Standards Act to hold that a prison is not an employer for

14  purposes of NRS 608.250).

15  **II.    Rule 8 does not require Plaintiffs to plead around Defendant's statute of
16          limitations defense.**

17      Defendant argues that Plaintiffs' FLSA and state law claims should be dismissed

18  because the Plaintiffs do not allege the dates that they worked for Defendant and, therefore,

19  have not established that their claims are timely.  *See* Def.'s Mot. to Dismiss at 9, 13.  The

20  Defendant's argument is frivolous.

21

22      Rule 8 does not require Plaintiffs to plead around Defendant's purported statute of

23  limitations defense.  *See, e.g., United States v. McGee*, 993 F.2d 184 (9th Cir. 1993) (holding

24  that a plaintiff is "not required to plead on the subject of an anticipated affirmative

25  defense."); *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993)

26  ("The statute of limitations is an affirmative defense, and a plaintiff is not required to negate

27  an affirmative defense in his complaint."). *Kohler v. Flava Enterprises*, No. 10-CV-0730

28

IEG (NLS), 2010 WL 3238946, *3 (S.D. Cal. Aug. 13, 2010) ("Plaintiff is correct that he is not required to plead around anticipated affirmative defenses, including the statute of limitations."); *Morris v. Fresno Police Dept.*, No. 08-CV-01422-OWW-GSA, 2010 WL 289293, *10 (E.D. Cal. January 15, 2010) ("The statute of limitations provides an affirmative defense, and a plaintiff is not required to plead on the subject of an affirmative defense or allege facts which assist the defendant in making an affirmative defense."); *Andrews Farms v. Calcot, Ltd.*, 527 F. Supp. 2d 1239, 1251 (E.D. Cal. 2007) ("Plaintiff is generally not required to plead facts in the complaint to negate anticipated affirmative defenses."). Defendant cites no authority to the contrary.

If Defendant believes that Plaintiffs' claims are untimely, then it has the burden of pleading and proving its affirmative defense. Plaintiffs are under no obligation to allege in their Amended Complaint when they began working for Defendant.

### III.    Plaintiffs have alleged a valid breach of contract claim.

Defendant next contends that Plaintiffs' breach of contract claim should be dismissed because it "is nothing more than an ill-conceived effort to recover the same personal travel and immigration reimbursement that they seek under federal or state statutory law." Def.'s Mot. to Dismiss at 10-11. The Defendant is incorrect, and it completely misconstrues the allegations in Plaintiffs' Amended Complaint. When read properly, it is clear that Plaintiffs' Amended Complaint alleges far more than Defendant contends.

Plaintiffs do not merely allege that Defendant paid them their necessary inbound immigration and travel expenses a few weeks too late – i.e., halfway through their contract period rather than during their first week. Rather, Plaintiffs allege that Defendant breached the Plaintiffs' employment contracts by *never* paying the Plaintiffs for their inbound

10

immigration and travel expenses.  Pls' Am. Compl. ¶ 18.  Additionally, Plaintiffs do not merely allege that Defendant failed to pay them the adverse effect wage rate during their first week of work.  Rather, Plaintiffs allege that Defendant did not pay them the adverse wage rate *throughout* the time that they worked for Defendant, *id.* ¶ 19, and if there were any lingering doubt about the sufficiency of this allegation, Plaintiffs' proposed Second Amended Complaint provides more details about Defendant's practice of short-changing Plaintiffs' wages in this respect.[4]

Defendant also argues that Plaintiffs have not properly alleged that Defendant failed to provide outbound travel reimbursement because the clearance orders only require Defendant to pay for Plaintiffs' transportation to their place of recruitment and because, according to Defendant, Plaintiffs do not allege that Defendant failed to pay for these expenses.  The Defendant is wrong, however, and the Amended Complaint could not be clearer on this point. Plaintiffs allege that Defendant breached Plaintiffs' employment contract by not fully reimbursing them for outbound travel expenses – regardless of whether the contract required transportation to Plaintiffs' homes or to the locations where Plaintiffs were recruited.[5]   Indeed, Plaintiffs allege that – at most – Defendant paid for their travel to the Mexican border and never paid outbound lodging or subsistence costs.  *Id.* ¶ 22.

---

[4] Because Plaintiffs have alleged that Defendant owes them contractually-agreed upon wages, Plaintiffs have adequately stated a claim under NRS 608.040 and 608.050.

[5] There is no question that the contracts required Defendant to pay for travel to the Plaintiffs' homes.  The Defendants' clearance orders incorporated by reference all applicable H-2A regulations, *see* 20 C.F.R. § 655.135(e), including the requirement that Defendant reimburse all H-2A workers for outbound travel and subsistence expenses "from the place of employment to the place from which the worker . . . departed to work for the employer." 20 C.F.R. § 655.122(h).

In short, the Plaintiffs have sufficiently alleged that Defendant breached the Plaintiffs' employment contracts.[6]

### IV.    The Ninth and Seventh Circuits have held that there is no irreconcilable conflict between Rule 23's opt out procedures and the FLSA's opt in procedures.

Defendant also argues that the tension between FLSA's opt-in procedures and Rule 23's opt-out procedures makes it impossible to adjudicate simultaneously Plaintiffs' federal claims and state law class claims. Def.'s Mot. to Dismiss at 13-14. At this juncture, the Court should deny Defendant's motion on this point, because the argument is premature and inappropriate to consider on a motion to dismiss, as it raises questions that are relevant to a motion for class certification. Nevertheless, to the extent that the Court is inclined to consider the argument, the Court should reject it, as the Ninth Circuit, the Seventh Circuit, the D.C. Circuit, and another court from this district, have already done. *See Ervin v. OS Restaurant Svcs., Inc.*, 632 F.3d 971, 979 (7th Cir. 2011); *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 753-55, 760-62 (9th Cir. 2010) (holding that it is within a court's discretion to exercise supplemental jurisdiction of state law class claims in a FLSA collective action); *Lindsay v. Government Employees Ins. Co.*, 448 F.3d 416, 420-25 (D.C. Cir. 2006); *Daprizio v. Harrah's Las Vegas, Inc.*, No. 2:10-CV-00604-GMN-RJJ, 2010 WL 5099666, *3 (D. Nev. 2010) (Navarro, J.) ("[T]his Court is persuaded that the proper way to proceed in this case is to allow Plaintiff to attempt to certify *two separate classes*--one using the opt-in procedures of FLSA, while the other would utilize Rule 23's opt-out procedures.") (emphasis in original).

---

[6] Plaintiffs' proposed Second Amended Complaint also provides additional allegations concerning why the Defendant's failure to reimburse them for gloves breached their employment contract, rendered Defendant's arguments concerning reimbursement for gloves moot. *See* Pls' Sec. Am. Compl. ¶¶ 9, 17.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

As the Seventh Circuit recently stated, "[n]othing in the text of the FLSA or the procedures established by the statute suggests either that the FLSA was intended generally to oust other ordinary procedures used in federal court or that class actions in particular could not be combined with an FLSA proceeding." *Ervin*, 632 F.3d at 974.   Defendant's argument to the contrary is unconvincing and would simply result in two cases about the same set of facts being litigated under two different docket numbers.   The supplemental jurisdiction statute is designed to avoid such inefficiencies.

**V.     The Court has jurisdiction of this matter under the supplemental jurisdiction statute, 15 U.S.C. § 1367, as well as the Class Action Fairness Act, 15 U.S.C. § 1332(d).**

Defendant argues in a footnote that the Court should decline supplemental jurisdiction of the Plaintiffs' state law minimum wage claims because they involve a "novel or complex issue" of state law.   Def.'s Mot. to Dismiss at 13 n.8.   Plaintiff's state law minimum wage claims are neither novel nor complex, and Defendant's perfunctory argument is easily dispatched.   As discussed in Section I, *supra*, Plaintiff's FLSA minimum wage claims have been approved by at least seven different courts considering the issue in the H-2A context and another five courts considering the issue in the H-2B context.   Because Nevada's minimum wage law is to be construed "in accordance with federal law," the Court should have little difficulty resolving Plaintiffs' state minimum wage claims at the same time it resolves Plaintiffs' nearly identical federal claims.   Moreover, it makes little sense to decline jurisdiction of Plaintiff's state law minimum wage claims while retaining jurisdiction of Plaintiffs' overlapping breach of contract claims – which certainly do not involve novel or complex issues of state law.   *See* Wright & Miller, Federal Practice & Procedure § 3567.3 (analyzing 28 U.S.C. 1367(c) and stating that "[a]s a general matter, common law contract and tort claims do not present novel or complex questions of state law.").   Requiring

13

1   Plaintiffs to pursue their claims in two different courthouses would be inefficient and would

2   do little to promote the federalism concerns codified in the supplemental jurisdiction statute.

3       In addition, even if the Court were to consider declining jurisdiction of Plaintiffs'

4   state law minimum wage claims under the federal supplemental jurisdiction statute,

5
    Plaintiffs' proposed Second Amended Complaint demonstrates that there is more than
6
7   $5,000,000 in controversy in this matter.  As a result, the Court is required to hear Plaintiffs'

8   state law claims under the Class Action Fairness Act, regardless of whether the claims are

9   novel.

10                              **Conclusion**

11       For the foregoing reasons, the Court should deny the Defendant's Motion to Dismiss
12
13  in its entirety.

14  Dated: May 16, 2011

15                                  By:  ___/s/ José J. Behar_____

16                                  Mark R. Thierman, NV#8285
17                                  THIERMAN LAW FIRM, P.C.
                                    7287 Lakeside Drive
18                                  Reno, Nevada 89511
                                    Tel: (775) 284-1500
19                                  Fax: (775) 703-5027

20
                                    Matthew J. Piers
21                                  José Jorge Behar
                                    Christopher J. Wilmes
22                                  Caryn C. Lederer
                                    HUGHES SOCOL PIERS
23                                  RESNICK & DYM, LTD.
                                    70 W. Madison Street, Suite 4000
24                                  Chicago, IL 60602
                                    Tel: (312) 580-0100
25                                  Fax: (312) 580-1994
26
27                                  *Attorneys For Plaintiffs*

28

                                      14

## CERTIFICATE OF SERVICE

1

2     I hereby certify that on May 16, 2011, I electronically filed the attached document

3  with the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of

4  Electronic Filing to the following CM/ECF Registrants:

5

6  Jeremy J. Nork, Esq.,
   HOLLAND & HART LLP
7  5441 Kietzke Lane, Second Floor
8  Reno, Nevada 89169
   Phone: (775) 327-3000
9  Fax: (775) 786-6179
   jnork@hollandhart.com
10

11 Gregory A. Eurich
   Joseph Neguse
12 HOLLAND & HART LLP
13 555 17th Street, Suite 3200
   Denver, Colorado 80202
14 Phone: (303) 295-8000
   Fax: (303) 295-8261
15 geurich@hollandhart.com
   jneguse@hollandhart.com
16

17                                   /s/ José J. Behar

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS