Mark R. Thierman NV#8285
**THIERMAN LAW FIRM, PC**
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500
Fax: (775) 703-5027
E-mail: laborlawyer@pacbell.net

Matthew J. Piers
mpiers@hsplegal.com
José Jorge Behar
jbehar@hsplegal.com
Christopher J. Wilmes
cwilmes@hsplegal.com
Caryn C. Lederer
clederer@hsplegal.com
**HUGHES SOCOL PIERS RESNICK & DYM, LTD.**
70 W. Madison Street, Suite 4000
Chicago, IL 60602
Tel: (312) 580-0100
Fax: (312) 580-1994

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VÍCTOR RIVERA RIVERA, ERNESTO SEBASTIAN CASTILLO RÍOS, VICENTE CORNEJO LUGO, JESÚS GARCÍA MATA, LUIS ÁNGEL GARCÍA MATA, GAUDENCIO GARCÍA RÍOS, SIMÓN GARCÍA RÍOS, VICENTE CORNEJO CRUZ, EMILIO MONTOYA MORALES, JORGE LUIS AGUILAR SOLANO, DOMINGO RAMOS RIOS, ARTEMIO RINCÓN CRUZ, SERGIO RIOS RAMOS, PEDRO RIVERA CAMACHO, GERARDO RIOS RAMOS, REGULO RINCON CRUZ, AURELIANO MONTES MONTES, MANUEL RIVERA RIVERA, JOSE BALDERAS GUERRERO, VIRGILIO MARQUEZ LARA, MARTIN FLORES BRAVO, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PERI & SONS FARMS, INC., | CASE NO.  3:11-CV-118-RCJ-VPC<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

|                    )
Defendant.          )
_____)

Plaintiffs move the Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file a Second Amended Class Action Complaint. The attached Memorandum of Points and Authorities supports this Motion.

Dated: May 16, 2011                    Respectfully Submitted,

                                                      /s/ José J. Behar

Mark R. Thierman, NV#8285
THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500
Fax: (775) 703-5027
E-mail: laborlawyer@pacbell.net

Matthew J. Piers
mpiers@hsplegal.com
José Jorge Behar
jbehar@hsplegal.com
Christopher J. Wilmes
cwilmes@hsplegal.com
Caryn C. Lederer
clederer@hsplegal.com
HUGHES SOCOL PIERS RESNICK &
DYM, LTD.
70 W. Madison Street, Suite 4000
Chicago, IL 60602
Tel: (312) 580-0100
Fax: (312) 580-1994


**IT IS SO ORDERED:**
**UNITED STATES DISTRICT JUDGE,**

**DATED:** _____

## MEMORANDUM OF POINTS AND AUTHORITIES

## BACKGROUND

On February 16, 2011, Plaintiffs filed this class and collective action against Peri & Sons Farms, Inc. ("Peri & Sons" or "Defendant"). Plaintiffs, Mexican agricultural workers who were employed by Defendant through the H-2A guest worker program, allege that Defendant: (1) failed to pay them minimum wages mandated by the Fair Labor Standards Act ("FLSA"), the Nevada Wage and Hour Laws, and the Nevada Constitution, and (2) breached multiple employment contracts by failing to pay them contractually-guaranteed wages and other employment-related expenses.

On March 7, 2011, Plaintiffs filed an Amended Class Action Complaint to add three members of the proposed class as named Plaintiffs.

On April 13, 2011, Defendants filed a Motion to Dismiss which, despite Plaintiffs' allegations that Defendant failed to pay Plaintiffs the wages they were guaranteed by law and contract, *see* Plaintiffs' Amended Class Action Complaint ("Pls. Am. Compl.") ¶¶ 2, 19, 21, 28, 42, mischaracterized Plaintiffs' claims as relating only to Defendant's failure to pay "certain personal travel and immigration expenses." *See, e.g.* Defendant's Motion ("Def. Mot.") at 3, 6. In their motion, Defendants argue that: (1) Plaintiffs' FLSA and Nevada minimum wage claims do not constitute a valid cause of action; (2) Plaintiffs' claims are untimely; (3) Plaintiffs do not have valid breach of contract claims; and (4) the Court should not exercise supplemental jurisdiction over Plaintiffs' state law claims.

Plaintiffs have responded fully to these meritless arguments in their Memorandum in Opposition to Defendants' Motion to Dismiss, and the Court should deny the Defendant's Motion for the reasons outlined in that Memorandum. Nevertheless, Plaintiffs also seek

3

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

leave to file a Second Amended Class Action Complaint, attached as Exhibit A, in order to further address Defendant's third and fourth arguments regarding whether Plaintiffs have sufficiently alleged a breach of contract claim and whether the Court should maintain jurisdiction over Plaintiffs' state law claims, and to establish the Court's jurisdiction under the Class Action Fairness Act. Attached as Exhibit B is a marked copy of Plaintiffs' Second Amended Class Action Complaint that shows the proposed amendments.

Specifically, Plaintiffs' proposed Second Amended Class Action Complaint supplements the factual allegations underlying their breach of contract claim to clarify the full scope of Defendant's systemic practice of paying Plaintiffs and other Class Members at rates far below the adverse effect wage rate. Additionally, in order to avoid needless debate over jurisdictional issues, Plaintiffs seek to establish the Court's jurisdiction of this matter under the Class Action Fairness Act, 28 U.S.C. § 1332(d), by pleading with more specificity the scope of the class and the amount in controversy since Plaintiffs' investigation to date has revealed that the class members will number over one hundred and the amount of their claims exceed five million dollars. Plaintiffs also seek leave to add proposed class members Ernesto Aguilar Bocanegra, Salvador Isidro Ramirez, and Jose Juan Garcia Mata, as named Plaintiffs.

## ARGUMENT

Leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). This policy "is to be applied with extreme liberality" and courts should grant leave unless the opposing party can show undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, futility of amendment, or undue prejudice. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.

4

2003) (*quoting Foman v. Davis,* 371 U.S. 178, 182 (1962)). "Absent prejudice or a strong showing of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* Each of these factors favor granting leave to amend here.

Plaintiffs' Motion is timely and submitted in good faith. This Motion is Plaintiffs' first request for leave to amend and would be their first amendment to the substantive allegations made in the complaint. Plaintiffs' previous amendment solely served to add three proposed class members as named Plaintiffs.

The amendment would not be futile – it directly addresses arguments raised by Defendants in their Motion to Dismiss. Pleading with greater specificity would more clearly present Plaintiffs' breach of contract claims and provide the Court with a better understanding of the grounds of Plaintiffs' entitlement to relief. Defendant has fundamentally misconstrued the nature of these claims and Plaintiffs wish to make clear that Defendant's contract breaches extend far beyond the failure to pay transportation expenses. Factual allegations regarding Defendant's extensive wage payment abuses, including paying Plaintiffs and other class members at hourly rates several dollars below the adverse effect wage rate, manipulating the piece rate payment system, and failing entirely to pay workers for their labor incontrovertibly would establish that Plaintiffs have valid breach of contract claims.

Similarly, additional allegations that make clear that the amount in controversy in this action exceeds five million dollars would confirm the Court's original jurisdiction under the Class Action Fairness Act. *See* 28 U.S.C. § 1332(d) ("the district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum of value of

$ 5,000,000," where the aggregate number of proposed class members is greater than 100, and minimal diversity exists). Plaintiffs recently received responses to a Freedom of Information Act request to the Department of Labor; the agency's records provided detailed information regarding the number of workers in the proposed class and the terms of Plaintiffs' and other class members' employment contracts. This information allows Plaintiffs to allege with certainty that, based on the number of workers in the proposed class and the potential damages owed to each, more than five million dollars is in controversy in this case. An amendment would affirmatively establish the Court's jurisdiction over Plaintiffs' state law claims and prevent unnecessary evaluation of supplemental jurisdiction issues.

Granting leave to amend to add proposed class members Ernesto Aguilar Bocanegra, Salvador Isidro Ramirez, and Jose Juan Garcia Mata as named Plaintiffs in the case would allow these workers to present their claims directly to the Court. It also would help develop facts relevant to the class throughout these proceedings.

Finally, Defendant will not be prejudiced if the Court grants leave to amend. Defendant has not yet answered Plaintiffs' Amended Complaint, and the Court has not set a discovery schedule. At this early stage of the proceedings, an amendment will not prejudice Defendant in any way.

## CONCLUSION

For the foregoing reasons, Plaintiffs seek leave to file a Second Amended Complaint, a copy of which is attached hereto as Exhibit A.

Dated: May 16, 2011                              Respectfully Submitted,

                                                      /s/ José J. Behar

Mark R. Thierman, NV#8285
**THIERMAN LAW FIRM, PC**
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500
Fax: (775) 703-5027
E-mail: laborlawyer@pacbell.net

Matthew J. Piers
mpiers@hsplegal.com
José Jorge Behar
jbehar@hsplegal.com
Christopher J. Wilmes
cwilmes@hsplegal.com
Caryn C. Lederer
clederer@hsplegal.com
**HUGHES SOCOL PIERS RESNICK & DYM, LTD.**
70 W. Madison Street, Suite 4000
Chicago, IL 60602
Tel: (312) 580-0100
Fax: (312) 580-1994

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2011, I electronically filed the attached document with the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

Jeremy J. Nork, Esq.,
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89169
Phone: (775) 327-3000
Fax: (775) 786-6179
jnork@hollandhart.com

Gregory A. Eurich
Joseph Neguse
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, Colorado 80202
Phone: (303) 295-8000
Fax: (303) 295-8261
geurich@hollandhart.com
jneguse@hollandhart.com

                                                       /s/ José J. Behar

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT