Jeremy J.Nork (SBN 4017)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Tel. (775) 327-3000
Fax (775) 786-6179
jnork@hollandhart.com

and

Greg Eurich (*pro hac vice*)
Joseph Neguse (*pro hac vice*)
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202
Phone: (303) 295-8000
Fax: (303) 295-8261
geurich@hollandhart.com
jneguse@hollandhart.com

Attorneys for Defendant Peri & Sons Farms, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

VICTOR RIVERA RIVERA, ERNESTO SEBASTIAN CASTILLO RIOS, VICENTE CORNEJO LUGO, JESUS GARCIA MATA, LUIS ANGEL GARCIA MATA GAUDENCIO GARCIA RIOS, SIMON GARCIA RIOS,VICENTE CORNEJO CRUZ, EMILIO MONTOYA MORALES, JORGE LUIS AGUILAR SOLANO, DOMINGO RAMOS RIOS, ARTEMIO RINCON CRUZ, SERGIO RIOS RAMOS, PEDRO RIVERA CAMACHO, GERARDO RIOS RAMOS, REGULO RINCON CRUZ, AURELIANO MONTES MONTES, MANUEL RIVERA RIVERA, JOSE BALDERAS GUERRERO, VIRGILIO MARQUEZ LARA, MARTIN FLORES BRAVO, individually and on behalf of all other persons similarly situated,

Plaintiffs,

v.

PERI & SONS FARMS, INC.,

Defendants.

Case No. 3:11-CV-00118-RCJ-VPC

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511

Defendant Peri & Sons Farm, Inc. ("Peri & Sons") hereby submits this reply in support of its Motion to Dismiss Plaintiffs' Victor Rivera Rivera, et al. ("Plaintiffs") Complaint for failure to state a claim upon which relief may be granted. This reply is supported by the attached Memorandum of Points and Authorities, the papers and pleadings on file herein, and any oral argument the Court may allow.

DATED this 31st day of May 2011.

HOLLAND & HART LLP

By /s/ Jeremy J. Nork

Jeremy J. Nork, Esq. (SBN 4017)
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Tel: (775) 327-3000
Fax: (775) 786-6179

and

Gregory A. Eurich
Joseph Neguse
555 17th Street, Suite 3200
Denver, Colorado 80202
Tel: (303) 295-8000
Fax: (303) 295-8261

Attorneys for Defendant
Peri & Sons Farms, Inc.

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. INTRODUCTION

Plaintiffs' brief in response to Peri & Sons' Motion to Dismiss does nothing more than prove the allegations in their Complaint lack sufficient legal basis to permit any recovery under federal or state law. In most instances, Plaintiffs ignore decisions that have rejected their legal theories and merely claim that because other courts in jurisdictions thousands of miles away have authorized the relief they seek, they are entitled to the same in the Ninth Circuit and under Nevada law. When that argument fails, they attempt to re-characterize Peri & Sons' motion and only then attempt to respond to it. Although they make much of the fact that they plan to amend their Complaint, Plaintiffs have not yet amended their complaint a second time, and their opposition does nothing to overcome the conclusion that their Complaint, as it currently stands, is wholly inadequate.

II. LEGAL ARGUMENT

As an initial matter, Plaintiffs' attack of the heightened pleading standards governing Rule 12(b)(6) motions is without merit. As the Ninth Circuit recently stated, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In this case, the majority of Plaintiffs' claims are deficient as a matter of law. Those that are not must nonetheless fail as a result of Plaintiffs' failure to plead factual allegations with the specificity required by *Twombly* and its progeny. Absent persuasive case law from the Ninth Circuit stating otherwise, their claims must be dismissed, as discussed *infra*.

**A. Plaintiffs Are Not Entitled To Relief Under the FLSA and Cite No Case Law In The Ninth Circuit To the Contrary.**

Plaintiffs' entire case rests on the fact that some courts in other jurisdictions have authorized reimbursements for migrant workers' personal travel and immigration expenses under the FLSA. Plaintiffs do not, however, cite a single decision in this District—or in the Ninth Circuit for that matter—requiring employers like Peri & Sons to reimburse migrant workers' pre-

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511

employment or post-employment personal travel, lodging, or immigration expenses. Their implicit contention that the legal issues raised by their Complaint are well-settled is, indeed, misleading.[1]

The reimbursements Plaintiffs seek in this case stretch the FLSA far beyond its statutory limitations. Plaintiffs seek nothing less than ***total*** reimbursement for recruitment fees (charged by unidentified parties in Mexico), passport expenses, visas, Form I-94's, transportation within Mexico, and lodging and food expenses during their pre-employment and post-employment travels. Yet, Plaintiffs cite no Ninth Circuit case law authorizing such a broad expansion of the FLSA.[2] Plaintiffs accordingly "cite no case law that actually governs this Court," and "[a]bsent relevant case law from the Supreme Court or the Ninth Circuit," this Court must decide the legal issues before it on its own accord and should reject Plaintiffs' argument. *Cf. Boren v. Harrah's Entertainment Inc.*, 2010 WL 4340641, *3 (D. Nev., Oct. 26, 2011) (court rejected defendant's motion to exclude evidence where there was no case law from the Supreme Court or Ninth Circuit imposing the same limitation).

To the extent this Court considers case law from other jurisdictions persuasive, it should follow the well-reasoned *en banc* decision reached by the Fifth Circuit Court of Appeals in denying any such reimbursements under the FLSA. *See Castellanos-Contreras v. Decatur Hotels LLC*, 622 F.3d 393, 400-401 (5th Cir. 2010). The Fifth Circuit's approach is both logical and faithful to the statutory language of the FLSA, concluding that Plaintiffs' argument simply "stretches the concept of 'tools of the trade' too far." *See id.* Simply put, Plaintiffs' expenses in acquiring passports and visas, purchasing food, renting hotel-rooms, and the like were all for their own personal benefit, not Peri & Sons'. It is illogical to extend the FLSA's minimum wage requirement to the reimbursement of travel within Mexico and food purchased in a foreign

---

[1] The fact that Plaintiffs cite no case law regarding this issue in the Ninth Circuit belies their claim that Peri & Sons acted willfully. Indeed, "the propriety of such deductions has been the subject of ongoing litigation in the federal courts for a number of years," thereby foreclosing Plaintiffs' misguided attempt to characterize Peri & Sons' conduct as willful. *See Gaxiola v. Williams Seafood of Arapahoe, Inc.*, 2011 WL 806792, *8 (E.D.N.C., Mar. 1, 2011).

[2] Plaintiffs' recently filed Supplemental Authority, citing to the decision of the Western District of Arkansas' in *Perez-Benites v. Candy Brand LLC*, does nothing to change this fact.

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511

country thousands of miles away by individuals who have not yet even begun working for Peri & Sons and who may never work for Peri & Sons if they are not approved as H-2A workers. Cognizant of their inability to fully challenge this point and the reasoned decision of the Fifth Circuit, Plaintiffs argue that because *Castellanos-Contreras* involved H-2B workers, it is inapposite. They are mistaken. It is undisputed that "[t]he H-2B visa program is similar to the H-2A visa program . . ." *Salazar-Martinez v. Fowler Bros., Inc.*, --- F.Supp.2d ---, 2011 WL 915675, *14 n. 3 (W.D.N.Y., Mar. 15, 2011). Indeed, as the U.S. District Court for the Western District of New York aptly observed:

> [T]he differences between the H-2A and H-2B programs are not sufficiently related to this issue to justify the rejection of analogous interpretations of the applicable wage laws based on the H-2B program. This is true, particularly, because the relevant analysis involves the categorization of certain expenses as primarily for the benefit of the employer or employee, and this analysis is not altered by the fact that Congress chose to distinguish between two types of temporary foreign workers . . .

*Id.* at n. 6. Though the court in *Salazar-Martinez* ultimately reached the wrong conclusion on certain issues, it nonetheless acknowledged that the "de facto" deduction analysis remains the same for H-2A and H-2B workers under federal law, and the Department of Labor has recognized the similarities between the two programs as well. *See id.*[3] Applying the *Castelleno-Contreras* analysis here, Plaintiffs are not entitled to the reimbursements they seek under federal law because the FLSA does not require reimbursement for personal travel and immigration expenses of migrant workers under either the H-2A or H-2B programs.

Finally, even assuming the Court adopts the misguided approach articulated in the cases cited by Plaintiffs, the limitations imposed therein are highly instructive. For example, Plaintiffs fail to inform this Court that even those courts that have adopted a contrary approach to the Fifth Circuit have nonetheless limited reimbursement to certain discrete expenses. In fact, two of the cases Plaintiffs cite in support of their argument have held that H-2A migrant workers are not

[3] Unsurprisingly, even those cases Plaintiffs reference in which courts have authorized reimbursement for H-2B workers have done so by citing case law in the H-2A context. *See, e.g.*, *Morcante-Navarro v. T & Y Pine Straw, Inc.*, 350 F.3d 1163, 1166 n. 2 (11th Cir. 2003) (applying *Arriaga* for purposes of H-2B program)

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511

entitled to the type of *carte blanche* reimbursements Plaintiffs' seek. *See, e.g., Ojeda-Sanchez v. Bland Farms LLC*, 2010 WL 3282984, *11 (S.D.Ga., Aug. 18, 2010) (passport expenses under H-2A program were not reimbursable); *Cf. Salazar-Martinez,* 2011 WL 915675 at *12 (H-2A workers' meal and lodging costs were primarily for benefit of workers). Thus, even if Plaintiffs are entitled to *some* legal relief, which they are not, the Court must exercise great caution in determining as a matter of law which expenses are reimbursable under the FLSA and which are not.

Indeed, the district courts in *Ojeda-Sanchez* and *Morales-Arcadio* were bound to follow the Circuit Court's decision in *Arriaga* as binding legal precedent in the Eleventh Circuit, but the district courts limited the holding of *Arriaga* to certain expenses after a careful analysis of the plaintiffs' claims. For example, the district court in *Ojeda-Sanchez* rejected the argument that passport expenses paid by H-2A workers were reimbursable under the FLSA because such expenses were not, on balance, primarily for the benefit of the employer. *See* 2010 WL 3282984 at *11. Plaintiffs fail to engage in a similar analysis and tellingly fail to inform this Court of the limitations courts have placed on the holding in *Arriaga*. This Court should accordingly reject Plaintiffs' invitation to blindly follow *Arriaga* without careful analysis of its own.

This Court should utilize the well-established "balancing of benefits" test contemplated by federal regulations. *See* 29 U.S.C. § 203(m); *see also Soler v. G & U., Inc.*, 833 F.2d 1104, 1109 (2d Cir. 1987) (citing 29 C.F.R. § 531.3(d)(1)); *Bobadilla-German v. Bear Creek Orchards, Inc.*, --- F.3d ---, 2011 WL 1365906, *4 (9th Cir. 2011) (under the FLSA, "the focus is on the employer's benefit") (*citing Soler*, 833 F.2d at 1109-10). Applying the balancing test here, there can be no argument that Plaintiffs' "meals and lodging, in either Mexico or the United States, are . . . primarily for the benefit of the employee[s], as they are costs of ordinary living that the employee[s] would be expected to pay regardless of [their] employment by Defendant." *Salazar-Martinez*, 2011 WL 915675 at *12; *see also Morales-Arcadio v. Shannon Produce Farms, Inc.*, 2007 WL 2106188, *17 (S.D.Ga., ("[T]he Court refuses to hold that money paid for meals while on the road was 'primarily for the benefit of the employer.'") (*citing* 29 C.F.R. § 531.32(c)). Likewise, because "passports obtained by H-2A workers can also be used to obtain

work with other employers," the costs of acquiring the same are not for the benefit of Peri & Sons and not reimbursable as a matter of law. *See, e.g.*, *Ojeda-Sanchez*, 2010 WL 3282984 at *11. These two straightforward examples demonstrate that when the balancing of benefits test is properly applied, Plaintiffs are not entitled to the reimbursements they seek. Plaintiffs' FLSA claim should be dismissed.

**B. Plaintiffs' Response Does Not Show the Complaint Pled Sufficient Facts to State a Claim Upon Which Relief Can Be Granted Under Nevada Law.**

In their response, Plaintiffs have woefully failed to show how their Complaint states claims under Nevada's overtime statute and Constitution. Their one-sentence argument does nothing to controvert the simple fact that they cite no Nevada case-law authorizing the type of relief they seek. Undeterred by the total absence of any legal authority, Plaintiffs proceed to argue that their flawed federal claim is nonetheless colorable under state law. Yet, Plaintiffs again cite no Nevada case law permitting the recovery of travel and immigration expenses or the propriety of "de facto" deductions. *Cf. Pinkston v. Foster*, 2010 WL 1323569, *4 (D. Nev., Mar. 30, 2010) ("Petitioner cites no Nevada case law in any way indicating an inconsistent application of [Nevada statute of limitations] during the relevant time period . . .").[4] Apparently, Plaintiffs simply hope the Court will mistakenly construe Nevada's Constitution and NRS 608.250 as though they were federal statutes, and in doing so, derive federal rights from the Nevada Wage and Hour Law (NWHL). That is not the law. *See, e.g.*, *Boucher v. Shaw*, 196 P.3d 959, 963 n. 27 (Nev., 2008) (court rejected "economic realities" test of FLSA when construing NRS Chapter 608 because it was "not an appropriate reflection of Nevada law"); *see Jane Roe Dancer I-VII v. Golden Coin, Ltd.*, 176 P.3d 271, 274-75 (Nev., 2008) (NWHL requires higher minimum wage than FLSA based on its prohibition of tip-credits). The FLSA and NWHL are not one and the same,[5] and Plaintiffs' request that the Court treat them as such must be rejected.

[4] Likewise, Plaintiffs' fail to cite the Nevada statute prohibiting deductions resulting in a wage lower than minimum wage (*See* NRS 608.100(1)(b)), the parameters of which are far from clear. Even if they had done so, the Nevada Supreme Court has expressly held that employees ***cannot privately enforce*** Nevada's "deduction" statutes, codified at NRS 608.100, NRS 613.120, and NRS 608.160. *Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96, 100-102 (Nev. 2008).

[5] For example, Plaintiffs' requests under Federal law for reimbursement of meals and gloves may face different (and potentially more difficult) tests under the NWHL. *See, e.g.*, NRS

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511

Given that the "balancing of benefits"[6] requirement is ultimately derived from federal and not state law, it is no surprise that Plaintiffs fail to cite a single case applying it under Nevada statute. In light of the plain language of the Nevada statutory and constitutional provisions at issue, Plaintiffs must do more than simply cite decisions construing state statutes in Georgia, North Carolina, and elsewhere. To the extent the Court disagrees, Plaintiffs' state law claims are nevertheless barred for the same reason as their FLSA claim.

**C. Plaintiffs Must Do More Than Merely Allege Violations Of Their Rights At Some Unidentified Time In The Past.**

It is well-established that "[a]n affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998). Thus, when a plaintiff alleges claims that plainly fall within the statute of limitations, his or her complaint is ripe for dismissal under Fed. R. Civ. P. 12(b)(6). *See, e.g., Campos v. New Direction Equipment Co., Inc.*, 2009 WL 114193, *4 (D. Nev., Jan. 16, 2009) (motion to dismiss granted where injured party stated product liability claim barred by Nevada's two-year statute of limitations). Where appropriate, the Court may dismiss discrete allegations within a complaint when there are no set of facts the plaintiff could prove to bring such claims within the pertinent statute of limitations. *See Loritz v. Dumanis*, 2007 WL 1892109, *2 (D. Nev., Jun. 27, 2007).

Here, as stated in Peri & Sons' Motion, the only workers who could arguably recover any compensation are those who were not paid the minimum wage during their first week of

---

608.155(1)-(2) (if mutually agreed upon in contract of employment, employer may deduct value of meals with no monetary limitations for agricultural employees); *see also* NRS 608.165 (only those uniforms and accessories "distinctive as to style, color or material shall be furnished without cost, to employees by their employer . . . ").

[6] In some cases, the FLSA's "primarily for the benefit or convenience of the employer" standard has proven inapplicable under state law. *See Bobadilla-German.*, 2011 WL 1365906 at *4 (FLSA standard rejected where Oregon law provided different "private benefit standard," the focus of which "is the employee's benefit" rather than the employer's). While it is unclear whether the same holds true under Nevada law, in the case of actual withholdings, the Nevada Supreme Court has held that NRS 608.110(1) "does not require that all withholdings *benefit the employee*, as long as the employee authorizes the deduction in writing." *Coast Hotels and Casinos, Inc. v. Nevada State Labor Com'n*, 34 P.3d 546, 550 (Nev., 2001) (emphasis added).

employment ***after*** February 16, 2009, and thus, have stated claims within the two-year statute of limitations imposed by the FLSA and Nevada statute. Plaintiffs fail, however, to provide any clarity whatsoever as to which of them state claims within this time period. Instead, they simply allege that Peri & Sons has failed to pay all of them wages since February 2005, when apparently one, some, or all of them began their employment. These factual allegations, among others, clearly fall outside of the two-year statute of limitations, and are therefore time-barred.

**D. Plaintiffs' Breach of Contract Claim Remains Deficient As A Matter of Law.**

It bears repeating that, in the aggregate, Plaintiffs' breach of contract claim is essentially the same claim for relief they assert under the FLSA and state law. In light of their obvious failure to properly allege facts to the contrary, Plaintiffs now propose to amend their complaint to provide details about Peri & Sons' alleged practice of "short-changing" their wages. Their hastily filed Motion to Amend (for the second time) is proof enough that their breach of contract claim is insufficient as currently pled.[7]

In any event, Plaintiffs' ostensible clarifications fail to cure the legal deficiencies of their breach of contract claim. Based on their response brief, Plaintiffs' claim that Peri & Sons' did not pay them the adverse effect wage rate is apparently no longer based on an alleged "de facto" deduction during their first week of employment. Instead, they contend that they were not paid throughout their employment. Yet, aside from a conclusory allegation stating the same, their Complaint is devoid of any facts whatsoever to support this claim. Simply alleging that Peri & Sons did not pay them the adverse effect wage rate, without any facts that support the conclusory allegation, is wholly insufficient as a matter of law. Plaintiffs' breach of contract claim, as pled in the Complaint before the Court, remains deficient, and the Court should rule in Peri & Sons' favor for that reason.

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511

---

[7] Additionally, Plaintiffs barely respond to Peri & Sons' arguments concerning their claim for reimbursement of "gloves," and instead declare the issue moot by virtue of their proposed Second Amended Complaint. They do so despite the fact that the Court has not yet ruled on their Motion to Amend, which Peri & Sons intends to oppose. Their claim for reimbursement on this issue must be rejected outright.

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511

Lastly, Plaintiffs' effort to recover inbound and outbound travel expenses under the clearance orders remains untenable. Plaintiffs are well-aware that they cannot recover any inbound or outbound immigration costs because their clearance orders do not authorize any such reimbursement. *See Martinez-Bautista v. D & S Produce*, 447 F.Supp.2d 954, 963 (E.D. Ark., 2006) (H-2A work contract contained no provision for reimbursement of visa fees). Though the clearance orders do provide for reimbursement of inbound transportation and subsistence costs, such reimbursement is only permitted and required under applicable H-2A regulations for those who have completed 50% of the work contract. *See Martinez-Bautista*, 447 F.Supp.2d at 963. Plaintiffs have not <u>specifically</u> alleged that all (or even some) of them actually did so, thereby barring recovery of the same.

**E. The Court Should Not Exercise Supplemental Jurisdiction Over Novel State-Law Class Action Claims While Simultaneously Adjudicating Plaintiffs' Federal Collective Action Claim.**

The Ninth Circuit has held that a district court may ***decline*** to exercise supplemental jurisdiction under the conditions set forth in 28 U.S.C. § 1367(c). *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 760-61 (9th Cir. 2010).[8] That is precisely what Peri & Sons asks the Court to do here by not exercising supplemental jurisdiction over claims that both pose issues of first impression under Nevada law (per 28 U.S.C. § 1367(c)(1)) and will fundamentally alter and complicate this action (thereby creating exceptional circumstances under 28 U.S.C. § 1367(c)(4)).[9]

---

[8] The facts in this case are a far cry from the unique circumstances in *Wang*. For example, the defendant in *Wang* "waited until the eve of trial and until after the district court had investigated significant effort in hearing the class certification, summary judgment, and opt-out invalidation motions . . . before raising its objection based on § 1367(c)." 623 F.3d at 762. Hence, the "economy and fairness concerns" that weighed heavily against the defendant in *Wang* should tilt in Peri & Sons' favor.

[9] Given that Plaintiffs' state-law claims account for three-fourths of the claims in this action, there can be no doubt that they "substantially predominate" over their FLSA claim, creating yet another independent basis for denying supplemental jurisdiction. *See* 28 U.S.C. §1367(c)(2); *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 306 (3d Cir. 2003) ("[T]he inordinate size of the state-law class, the different terms of proof required by the implied contract state-law claim, and the general federal interest in opt-in wage actions suggest the federal action is an appendage to the more comprehensive state action").

As a threshold matter, Plaintiffs' inability to cite any case law permitting broad and extensive reimbursement for "de facto" deductions in Nevada for H-2A workers demonstrates it is an issue of first impression. *See Libby v. State*, 934 P.2d 220, 257 (Nev. 1997) (matter presented case of first impression where exhaustive search of court's jurisprudence revealed absence of case law). The fact that this issue is a novel one under Nevada law is evidence enough that supplemental jurisdiction over Plaintiffs' individual and class state-law claims is inappropriate in this instance.[10] *See Brigham v. Eugene Water & Elec. Bd.*, 357 F.3d 931, 943 n. 19 (9th Cir. 2004) (after reversing district court's interpretation of federal claims, court remanded employees' state law claims "for reconsideration—including whether the exercise of supplemental jurisdiction over such claims is appropriate in the first instance ***given the paucity of state law authority*** on the precise topic at issue in th[e] litigation") (emphasis added).[11]

Lastly, case law in this District and various other jurisdictions offers ample proof that permitting simultaneous FLSA and Rule 23 collective actions controverts the FLSA. *See, e.g.*, *Fetrow-Fix v. Harrah's Entertainment, Inc.*, 2007 WL 4774255, *3 (D. Nev., Nov. 16, 2010); *Moeck v. Gray Supply Corp.*, 2006 WL 42368, *5 (D.N.J., 2006) ("[T]o circumvent the opt-in requirements and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA would undermine Congress' intent to limit these types of claims to collective actions"); *Otto v. Pocono Health Sys.*, 457 F.Supp.2d 522, 524 (M.D.Pa., 2006) ("To allow an Section 216(b) opt-in action to proceed accompanied by a Rule 23 opt-out state law class action claim would essentially nullify Congress's intent in crafting Section 216(b) . . ."); *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 469-70 (N.D.Cal., 2004). Further, this Court has

---

10 Indeed, "[b]ecause of the stark absence of case law on this issue, the reasonable policy arguments on both sides, and the possibly far-reaching ramifications of whatever rule of law is adopted," the issue would be "an appropriate question of state law to have certified for decision" to the Nevada Supreme Court. *Cf. Los Angeles Memorial Coliseum Com'n v. National Football League*, 791 F.2d 1356, 1362 (9th Cir. 1986) (discussing California law). Peri & Sons' reserves the right to request such clarification in the event Plaintiffs' state-law claims survive the pending motion.

11 Plaintiffs' attempt to characterize their breach of contract claim as conventional and uncomplicated is equally unpersuasive. While most common law contract claims may be straightforward, Plaintiffs' are not, as they again present questions never before answered by a Nevada court.

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511

previously reached the same conclusion. *Williams v. Trendwest Resorts, Inc.*, 2007 WL 2429149, *3 (D. Nev., Aug. 20, 2007) (J. Jones). Thus, we agree with this Court that "the class action mechanisms of the FLSA and Rule 23 are incompatible." *Id.*

In sum, "judicial efficiency will be better promoted by dismissal of the state law claims for lack of jurisdiction," as this Court can then "properly and efficiently administer the collective action proposed by named plaintiffs pursuant to 28 U.S.C. § 216(b)." *See De Luna Guerrero v. North Carolina Grower's Ass'n, Inc.*, 338 F.Supp.2d 649, 653 (E.D.N.C., 2004) (supplemental jurisdiction over H-2A's state-law claims inappropriate given "extraordinary circumstance" under 28 U.S.C. § 1367(c)(4) of potentially adjudicating class action and opt-in collective action claims simultaneously). Therefore, even if the Court rules that Plaintiffs' individual state-law claims are not novel—which Peri & Sons strongly believes not to be the case—their state-law class action claims should be dismissed in light of the procedural problems they will undoubtedly create.

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511

CONCLUSION

For the foregoing reasons, Peri & Sons respectfully requests that Plaintiffs' claims be dismissed with prejudice.

DATED this 31st day of May 2011.

HOLLAND & HART LLP

/s/ Jeremy J. Nork
Jeremy J. Nork, Esq. (SBN 4017)
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Tel: (775) 327-3000
Fax: (775) 786-6179

and

Gregory A. Eurich
Joseph Neguse
555 17th Street, Suite 3200
Denver, Colorado 80202
Tel: (303) 295-8000
Fax: (303) 295-8261

Attorneys for Defendant
Peri & Sons Farms, Inc.

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511

**PROOF OF SERVICE**

I, Martha Hauser, declare:

I am employed in the City of Reno, County of Washoe, State of Nevada by the law offices of Holland & Hart LLP. My business address is 5441 Kietzke Lane, Second Floor, Reno, Nevada 89511. I am over the age of 18 years and not a party to this action.

On May 31, 2011, I electronically filed the foregoing **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**, in compliance with the Federal Rules of Civil Procedure and LR 5-4. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by CM/ECF.

Mark R. Thierman
laborlawyer@pacbell.net
Thierman Law Firm
7287 Lakeside Drive
Reno, Nevada 89511

Matthew J. Piers
mpiers@hsplegal.com
Jose Jorge Behar
jbehar@hsplegal.com
Christopher J. Wilmes
cwilmes@hsplegal.com
Caryn C. Lederer
clederer@hsplegal.com
Hughes Socol Piers Resnick & Dym, Ltd.
70 W. Madison Street, Suite 4000
Chicago, IL 60602

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on May 31, 2011.

/s/ Martha Hauser
Martha Hauser

5119764_3