Mark R. Thierman NV#8285
**THIERMAN LAW FIRM, PC**
7287 Lakeside Drive
Reno, Nevada  89511
Tel: (775) 284-1500
Fax:  (775) 703-5027
E-mail:  laborlawyer@pacbell.net

Matthew J. Piers
mpiers@hsplegal.com
José Jorge Behar
jbehar@hsplegal.com
Christopher J. Wilmes
cwilmes@hsplegal.com
Caryn C. Lederer
clederer@hsplegal.com
**HUGHES SOCOL PIERS RESNICK & DYM, LTD.**
70 W. Madison Street, Suite 4000
Chicago, IL 60602
Tel: (312) 580-0100
Fax: (312) 580-1994

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| VÍCTOR RIVERA RIVERA, *et al.*, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PERI & SONS FARMS, INC.,<br><br>Defendant. | CASE NO.   3:11-CV-118-RCJ-VPC<br><br>**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** |

Plaintiffs, through counsel, submit this Reply Memorandum Of Points And Authorities In Support Of Their Motion For Leave To File A Second Amended Complaint and state as follows.

**I.     Introduction**

In response to Defendant's Motion to Dismiss, Plaintiffs have filed a Motion for Leave to File a Second Amended Complaint, which, by any standard, is a routine, well-accepted, and

perfectly allowable practice in federal courts.  *See* Fed. R. Civ. P. 15(a).  Ignoring Rule 15's extremely liberal standard in favor of allowing amendments, however, Defendant has opposed Plaintiffs' motion, disingenuously arguing that the amendment would be unfairly prejudicial – even though no discovery schedule has been set, even though Defendant has not filed an answer, and even though Plaintiffs' proposed Second Amended Complaint adds no new claims.  Then, rehashing arguments made in its motion to dismiss, Defendant argues that the proposed amendment would be futile because of some perceived incompatibility between Plaintiffs' state law and federal claims, an argument the Ninth Circuit already has soundly rejected.  *See Wang v. Chinese Daily News*, 623 F.3d 743, 759-60 (9th Cir. 2010) (holding that FLSA does not preempt state law claims that borrow their substantive standard from the FLSA).  The Defendant's response to Plaintiffs' motion borders on the frivolous, and the Court should grant the Plaintiffs' motion without delay.

## II.     Argument

Rule 15(a)(2) of the Federal Rules of Civil Procedure allows a party to amend its pleading with leave of court after the period for amendment as a matter of course has expired.  Under that rule, "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit has construed this standard broadly, requiring that leave to amend be granted with "extreme liberality." *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990). The most significant factor that a court must evaluate when determining whether to allow an amendment to a pleading is whether the opposing party will be prejudiced.  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Defendant provides four reasons in support of its strained argument that the Court should deny Plaintiffs leave to file a Second Amended Complaint:  (1) because the Plaintiffs already filed

2

PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THEIR MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

one amended complaint; (2) because the proposed Second Amended Complaint fails to state claims for which relief can be granted; (3) because Fair Labor Standards Act ("FLSA") claims cannot be adjudicated alongside state law class claims; and (4) because the Plaintiffs' proposed Second Amended Complaint would unduly prejudice Defendant.  The Court should summarily reject these arguments.

### A. The fact that Plaintiffs filed an amended complaint three weeks after they filed their original complaint and before Defendant was served with summons has no bearing on whether the Court should grant Plaintiffs leave to file a Second Amended Complaint.

The Plaintiffs filed this lawsuit on February 16, 2011 and filed their Amended Complaint (which made no substantive changes to the factual or legal allegations of the original complaint) without seeking the Court's leave on March 7, 2011.  A few days later, Defendant was served with a summons and the Amended Complaint.  After Defendant filed its motion to dismiss, Plaintiffs responded to the motion and also – for the first time – sought leave to add some factual detail to their operative pleading.

Though Defendant argues that the Plaintiffs should not be given "three bites of the proverbial apple" to finalize their pleading, this is not a situation where Plaintiffs have repeatedly failed to correct alleged deficiencies.  Again, Plaintiffs' Amended Complaint was filed before the Defendant had an opportunity to raise any supposed deficiencies (indeed, before Defendant was served with summons).  Additionally, many of the new allegations (in particular, the ones related to the number of H-2A workers employed by Defendant) in Plaintiffs' proposed Second Amended Complaint could not have been included in Plaintiffs' Complaint or Amended Complaint because they are based on information that the Plaintiffs first received on or about March 23, 2011, when the United States Department of Labor, Wage and Hour Division, responded to Plaintiffs' FOIA request.  Other factual details were not included in Plaintiffs' Complaint and Amended Complaint

3

PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THEIR MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

because Plaintiffs believed that when they alleged, in paragraph 42 of the Amended Complaint, that "Defendant paid Plaintiffs and other Class Members at rates below the applicable adverse effect wage rate" and that "Defendant failed to pay Plaintiffs and the other Class Members for all hours worked," it was perfectly clear that Plaintiffs were alleging more than the mere failure to pay travel and immigration expenses. It was only after Defendant filed its motion to dismiss, misconstruing Plaintiffs' allegations, that Plaintiffs sought leave to file another complaint so as to leave no doubt whatsoever about the scope of Plaintiffs' factual claims.

The fact that Plaintiffs previously amended their complaint to add three additional Plaintiffs (before Defendant was served) should carry no weight in the Court's consideration of whether to allow the Plaintiffs to file a Second Amended Complaint, and the Court should grant Plaintiffs' routine motion. *See Aguilar v. Cabrillo Mortg.*, No. 09-CV-1799-IEG, 2010 WL 476650, *3 (S.D. Cal. Feb. 3, 2010) (allowing plaintiffs to amend their complaint a second time, even though they previously amended their complaint in response to a motion to dismiss).

### B. Plaintiffs' claims make allegations upon which relief can be and has been granted.

Parroting arguments that it made in its motion to dismiss, Defendant argues that the allegations in Plaintiffs' proposed Second Amended Complaint do not state claims for relief. As discussed in Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss, however, every court (without exception) that has considered the issue has held that an employer violates the FLSA by not reimbursing an H-2A worker's travel and immigration expenses during the first week of work. *See* Dkt. No. 33 at 7. Moreover, Plaintiffs' proposed Second Amended Complaint could not be clearer in alleging that Defendant also breached contract provisions requiring it to pay Plaintiffs the required adverse effect wage rate, pay for transportation costs to and from Mexico,

4

and provide all tools, supplies, and equipment required to perform the duties assigned.[1]  Pls' Sec. Am. Compl. ¶ 10, 48.

Accordingly, despite Defendant's convoluted readings of the Plaintiffs' Second Amended Complaint and Rule 12(b)(6), the Plaintiffs' proposed Second Amended Complaint (like their Amended Complaint) states valid claims for relief.[2]  *See Vega v. Weeks Wholesale Rose Grower, Inc.*, No. 1:07-CV-00225 TAG, 2008 WL 4224399, *6 (E.D. Cal. 2008) (holding that plaintiffs stated a claim for breach of an employment contract where they alleged "the existence of an oral and written contract, based at least in part on alleged terms written contained in wage statements, and further [alleged] that all applicable sections of the State's labor laws and Wage Orders [we]re incorporated into these written employment contracts.").

### C. The Ninth Circuit has rejected Defendant's preemption arguments.

Apparently unwilling to accept the Ninth Circuit's holding in *Wang v. Chinese Daily News* that "FLSA does not preempt a state-law . . . claim that 'borrows' its substantive standard from FLSA," 623 F.3d at 760, Defendant continues to argue that Plaintiffs' proposed amendment is futile because Plaintiffs' state law class action claims are "inherently incompatible" with their FLSA claims.  In support of this argument, Defendant cites a number of district court rulings from other circuits (as well as district court rulings from this circuit decided before *Wang*) holding that FLSA preempts state law Rule 23 class action claims premised on the same substantive allegations as a FLSA claim.  *See, e.g., Ellis v. Edward D. Jones, & Co., L.P.*, 527 F. Supp. 2d 439, 452 (W.D. Pa. 2007); *Williams v. Trendwest Resorts, Inc.*, No. 2:05-CV-0605-RCJ-LRL, 2007 WL 2429149,

---

[1] Despite Defendant's argument to the contrary, Plaintiffs' have alleged from the beginning that gloves were "required" to perform the work on Defendant's farm.  *See* Pls' Am. Compl. ¶ 17.

[2] Defendant continues to argue that Plaintiffs are required to plead around Defendant's statute of limitations defense by alleging the dates that they worked for the Defendant.  Defendant is wrong for the reasons outlined in Plaintiffs Memorandum in Opposition to Defendant's Motion to Dismiss. Dkt. No. 33 at 9-10.

5

PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THEIR MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

*3 (D. Nev. Aug. 20, 2007). The Court must reject this argument, however, for the obvious reason that the Ninth Circuit's decision in *Wang*, and not district court decisions cited by Defendant, is controlling.

*Wang* is clear that Plaintiffs' state law claims are not preempted by the FLSA, and that should be the end of Defendant's argument on this point. *Wang*, 623 F.3d at 760. Nevertheless, if the Court has concerns about supposed procedural obstacles associated with allowing Plaintiffs' state and federal claims to proceed under the same docket number, then after considering the parties' class certification briefs, it may decide to create separate sub-classes to alleviate this problem. *See Daprizio v. Harrah's Las Vegas, Inc.,* 2010 WL 5099666, 3 (D. Nev. Dec. 7, 2010) ("By allowing for the possibility of two separate state law and FLSA classes, the Court can prevent the Rule 23 procedures from standing as an obstacle to the fulfillment of the FLSA and can allow both sets of claims to move forward simultaneously."). There is no reason, however, and particularly no reason grounded in the law of preemption, to prevent Plaintiffs from including their state law claims in their Complaint. *See Wang, 623 at 760; Ervin v. OS Restaurant Svcs., Inc.,* 632 F.3d 971, 979 (7th Cir. 2011).[3]

### D. Defendant will not be prejudiced by Plaintiffs' amendment because the Court has not established a discovery schedule and because the Plaintiffs' proposed amendment does not expand the scope of Plaintiffs' claims.

It is true, as Defendants point out, that prejudice is the touchstone for determining whether an amendment under Rule 15(a) should be allowed. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). In this case, it should go without saying that an amendment proposed three months after the filing of Plaintiffs' initial complaint, before Defendant has even

---

[3] Defendant also invokes the Rules Enabling Act ("REA") in support of its preemption argument, but does not develop the argument nor explain how the REA even applies to Plaintiffs' routine motion. Nothing in the REA prohibits the filing of another complaint, and, as explained above, *Wang* is dispositive on the issue of preemption.

6

PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THEIR MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

filed an answer, before the Court has set a discovery schedule, and that adds no additional claims will not and cannot prejudice the Defendant in any way. *See Roberson v. Hayti Police Dept.*, 241 F.3d 992, 996 (8th Cir. 2001) ("Our cases do not support the proposition that an eleven-month delay [in seeking to amend a complaint] is prejudicial per se."); *Taylor v. Florida State Fair Authority,* 875 F. Supp. 812, 815 (M.D. Fla. 1995) ("Although the parties have completed the case management report, discovery has not commenced and trial is not scheduled until at least March of 1996.  Therefore it cannot be said that any delay by the plaintiff in bringing her motion for leave to amend caused any real prejudice to the defendant.").  *See also* 3 Moore's Federal Practice § 15.14[1] (Matthew Bender 3d ed.) ("During the pretrial phase, a court should allow amendments to ensure that all the issues are before the court.").

Rule 15(a) undoubtedly allows Plaintiffs to amend their complaint at this early stage even if the complaint added new claims, but, even more so here, Plaintiffs' proposed amendment in no way prejudices the Defendant because it adds no new claims and merely fleshes out the facts on which Plaintiffs' previously alleged claims are based.  Defendant contends that Plaintiffs' Second Amended Complaint alleges for the first time that Defendant systemically paid them below the adverse effect wage rate, but that is simply not true.  Plaintiffs' Amended Complaint alleged that "[W]hen Plaintiffs and the other Class Members worked for Defendant, Defendant did not pay them the adverse effect wage rate, as required by 20 C.F.R. § 655.102(b)(9)."  Pls' Am. Compl. ¶ 19.  Plaintiffs' Amended Complaint further alleged that "Defendant paid Plaintiffs and other Class Members at rates below the applicable adverse effect wage rate" and that "Defendant failed to pay Plaintiffs and the other Class Members for all hours worked."  *Id*. ¶ 42.

Though Defendant apparently misconstrued Plaintiffs' straightforward allegations, the fact remains that the allegations were sufficient to put Defendant on notice of Plaintiffs' claims of

7

PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THEIR MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

underpayment. *See e.g., Hawkins v. Proctor Auto Serv. Center, LLC,* No. RWT 09CV1908, 2010 WL 1346416, * 1 (D. Md. March 30, 2010) (where plaintiff alleged that he worked more than 40 hours per week without overtime compensation, allegations clearly satisfied *Iqbal* ); *Hoffman v. Cemex, Inc.,* No. H-09-3144, 2009 WL 4825224, *3-4 (S.D. Tex. Dec. 8, 2009) (refusing to dismiss FLSA claim under *Iqbal* despite lack of "detailed factual allegations" where plaintiffs alleged that they were classified as non-exempt, that they regularly worked more than 40 hours per week and were not paid overtime rates); *Haskins v. VIP Wireless Consulting,* No. 09-754, 2009 WL 4639070, *7 (W.D. Pa. Dec. 7, 2009) (applying *Iqbal,* dismissal of complaint inappropriate where plaintiff alleged that he worked more than 40 hours per workweek and did not receive overtime compensation); *Uribe v. Mainland Nursery, Inc.*, No. Civ. 2-07-0229-FCD-DAD, 2007 WL 4356609, *3 (E.D. Cal. Dec. 11, 2007) (holding that a FLSA claim satisfied the federal pleading standard outlined in *Twombly* where plaintiffs alleged that defendant failed to compensate them at the appropriate rate for hours worked in excess of 40 hours per week and that plaintiffs were non-exempt employees). The operative facts and the legal claims in Plaintiffs' proposed Second Amended Complaint are exactly the same as in their prior complaints. As a result, Defendant cannot show that it will suffer any prejudice if the Court allows Plaintiffs to file their Second Amended Complaint.

### III. Conclusion

For the foregoing reasons, the Court should grant Plaintiffs' Motion For Leave To File A Second Amended Complaint.

Dated: June 9, 2011                     By:

                                        /s/ José J. Behar
                                  One of the Plaintiffs' Attorneys

8

PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THEIR MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Mark R. Thierman, NV#8285
laborlawyer@pacbell.net
THIERMAN LAW FIRM, P.C.
7287 Lakeside Drive
Reno, Nevada 89511
(775) 284-1500; (775) 703-502 7 (Fax)

Matthew J. Piers
(Admitted *Pro Hac Vice*)
mpiers@hsplegal.com
José Jorge Behar
(Admitted *Pro Hac Vice*)
jbehar@hsplegal.com
Christopher J. Wilmes
(Admitted *Pro Hac Vice*)
cwilmes@hsplegal.com
Caryn C. Lederer
(Admitted *Pro Hac Vice*)
clederer@hsplegal.com
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
70 W. Madison Street, Suite 4000
Chicago, IL 60602
(312) 580-0100; (312) 580-1994 (Fax)

PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THEIR MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

# CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2011, I electronically filed the attached document with the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

Jeremy J. Nork, Esq.,
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89169
Phone: (775) 327-3000
Fax: (775) 786-6179
jnork@hollandhart.com

Gregory A. Eurich
Joseph Neguse
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, Colorado 80202
Phone: (303) 295-8000
Fax: (303) 295-8261
geurich@hollandhart.com
jneguse@hollandhart.com

/s/ José J. Behar

PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THEIR MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT