Mark R. Thierman, NV#8285
THIERMAN LAW FIRM, P.C.
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500
Fax: (775) 703-5027
laborlawyer@pacbell.net

Matthew J. Piers
José Jorge Behar
Christopher J. Wilmes
Caryn C. Lederer
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
70 W. Madison Street, Suite 4000
Chicago, IL 60602
Tel: (312) 580-0100
Fax: (312) 580-1994
mpiers@hsplegal.com, jbehar@hsplegal.com, cwilmes@hsplegal.com, clederer@hsplegal.com

*Attorneys For Plaintiffs*

Gregory Eurich
Joseph Neguse
Holland & Hart LLP
555 17th Street, Suite 3200.
Denver, CO 80202
Phone (303) 295-8166
Fax (303) 975-5464
geurich@hollandhart.com, jneguse@hollandhart.com

Jeremy Nork (SBN 4017)
Holland & Hart LLP
5441 Kietzke Ln # 200
Reno, NV 89511-2094
Phone (775) 327-3000
jnork@hollandhart.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| VÍCTOR RIVERA RIVERA, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs, | Case No.: 3:11-cv-00118-RCJ-VPC<br><br>**CASE MANAGEMENT REPORT** |

v.

PERI & SONS FARMS, INC.

        Defendant.

Counsel for the parties in the above-captioned case jointly submit this Case Management Report, pursuant to the Court's June 29, 2011 Minute Order.

**1.  Nature of the Case**

Plaintiffs, all citizens of Mexico, all claim that they cultivated, harvested, and processed onions on Defendant's Yerington, Nevada farm between February 15, 2005 and the present. The United States Department of Labor authorized Plaintiffs to work on Defendant's farm as temporary agricultural workers under 8 U.S.C. § 1101(a)(15)(H)(ii)(a). Pursuant to federal regulations, Defendant prepared and submitted temporary labor certification applications (or clearance orders) to the Department of Labor describing the actual terms and conditions of the Plaintiffs' employment, which clearance orders allegedly served as employment contracts between Plaintiffs and Defendant. 20 C.F.R. § 655.122(q).

Plaintiffs allege that Defendant breached these employment contracts and violated state and federal wage and hour laws throughout the time that Plaintiffs worked on Defendant's farm. Specifically, Plaintiffs allege that Defendant did not reimburse them for travel and immigration expenses that they incurred en route to Defendant's farm, in violation of the Fair Labor Standards Act, 29 U.S.C. § 206(a), the Nevada Minimum Wage Law, N.R.S. 608.250, and the Nevada Constitution. Plaintiffs also contend that Defendant breached their employment contracts by (1) not paying them the adverse effect wage rate for all hours worked, in violation of 20 C.F.R. § 655.122(l); (2) not paying them for transportation and subsistence costs from their homes to Defendant's farm, in violation of 20 C.F.R. §

655.122(h)(1); (3) not paying them for transportation and subsistence costs from the Defendant's farm to the Plaintiffs' homes at the end of the harvest season, in violation of 20 C.F.R. § 655.122(h)(1); and (4) not reimbursing them for gloves that Plaintiffs purchased in order to perform their jobs, in violation of 20 C.F.R. § 655.122(f). Finally, Plaintiffs allege that Defendant is liable to them for unpaid wages and all applicable penalties authorized by state law. *See* N.R.S. 608.040, 608.050 & 608.140.

### 2. Factual and Legal Disputes

There are numerous factual disputes in this case, including the following: (1) whether Defendant reimbursed Plaintiffs for travel, subsistence, and immigration expenses that they incurred when traveling to and from Defendant's farm; (2) whether Defendant paid Plaintiffs the adverse effect wage rate; (3) whether Plaintiffs were paid for all hours worked on Defendant's farm; and (4) whether Defendant reimbursed Plaintiffs for gloves that they had to purchase in order to perform work on Defendant's farm.

There are also numerous legal disputes in this case, including the following: (1) the legal disputes presented in the memoranda filed in support of and in opposition to Defendant's Motion to Dismiss; (2) the legal disputes presented in the memoranda filed in support of and in opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint; (3) the legal disputes presented in the memoranda filed in support of and in opposition to Defendant's Motion for Protective Order; (4) whether this case should be certified as a class action under Rule 23 of the Federal Rules of Civil Procedure; and (6) whether this case should be certified as a collective action under 29 U.S.C. § 216(b).

### 3. Jurisdictional Bases

Plaintiffs maintain that the Court has jurisdiction of this matter under the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and

has supplemental jurisdiction over Plaintiffs' Nevada statutory and common law claims pursuant to 28 U.S.C. § 1367. Defendant has asked that the Court not exercise supplemental jurisdiction over Plaintiffs' state law claims in its Motion to Dismiss, which is pending.

Plaintiffs have also filed a Motion for Leave to File a Second Amended Complaint which seeks to add CAFA as a separate basis for jurisdiction, which Defendant opposes. That motion is still pending.

4. **Service of Parties**

The only Defendant, Peri & Sons, has been served with process.

5. **Additional Parties and Amendments to the Pleadings**

If the Court grants Plaintiffs' pending Motion for Leave to File a Second Amended Complaint, then Plaintiffs will file a Second Amended Complaint. Plaintiffs do not anticipate further amendment to that pleading. Notwithstanding the foregoing, additional plaintiffs may opt-in consistent with the requirements of the Fair Labor Standards Act.

6. **Contemplated Motions**

Plaintiffs anticipate filing a motion for class certification. That motion will address whether this case satisfies Rule 23(a)'s numerosity, commonality, typicality, and adequacy requirements as well as whether this case satisfies Rule 23(b)(3)'s predominance and superiority requirements.

Plaintiffs also anticipate filing a motion to certify a collective action under 29 U.S.C. § 216(b) for purposes of sending class members opt-in notices. That motion will address whether Plaintiffs are similarly situated to other individuals who cultivated, harvested, and processed onions on Defendant's farm.

Plaintiffs also anticipate filing a motion for partial summary judgment. That motion will address whether the undisputed evidence demonstrates that Defendant (1) did not

4

reimburse Plaintiffs for their travel and immigration expenses during their first week of work, (2) did not pay Plaintiffs at the agreed-upon adverse effect wage rate, (3) did not pay Plaintiffs for travel and subsistence expenses from the Defendant's farm to Plaintiffs' homes, and (4) did not reimburse Plaintiffs' for gloves that were required to perform work on Defendant's farm.

Finally, if Plaintiffs' are granted leave to file a Second Amended Complaint, Defendant anticipates filing a motion to dismiss. Defendant also anticipates filing oppositions to Plaintiffs' anticipated motion for class certification and motion to certify a collective action, and intends to file a motion for summary judgment.

**7. Pending Motions**

There are several motions pending before the Court.

On April 13, 2011, Defendant filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiffs have failed to state claims upon which relief can be granted. The Motion to Dismiss has been fully briefed, and Plaintiffs contend that it should have no impact on the discovery schedule. Defendant disagrees.

On May 16, 2011, Plaintiffs sought leave to file a Second Amended Complaint in order to establish the Court's jurisdiction under the Class Action Fairness Act, add factual detail to their operative pleading, and add three class members as named plaintiffs. Plaintiffs' motion has been fully briefed, and Plaintiffs contend that it should have no impact on the discovery schedule. Defendant disagrees.

On May 18, 2011, Defendant filed a Motion for a Protective Order to Stay Discovery, requesting that the Court stay all discovery in this matter pending the Court's decision on Defendant's Motion to Dismiss. Defendant's motion has been fully briefed, and the Court has scheduled oral argument on the motion for July 15, 2011.

**8. Related Cases**

5

There are no related cases pending before other courts or other judges of this court.

## 9. Discovery

Plaintiffs have served their initial discovery requests.

Defendant has filed a Motion for a Protective Order to Stay Discovery, and believes that any discovery prior to the Court's ruling on its motion is premature. Nonetheless, Defendant has outlined in great detail its objections to Plaintiffs' discovery requests in an effort to meet and confer in good-faith. Defendant and Plaintiff plan to discuss Defendant's objections in greater detail on July 7, 2011.

The parties propose that the limits in Rule 30(d)(1) be modified to allow the Defendant to take 30 depositions and allow the Plaintiffs to take 15 depositions. The parties do not anticipate having to modify the number of interrogatories permitted by Rule 33.

## 10. Electronic Discovery

The parties have not yet discussed the parameters of electronic discovery. On May 19, 2011 the parties informed the Court in their discovery plan and proposed scheduling order that they would confer further regarding the form of production for electronic materials. On June 23, 2011, Plaintiffs' attorneys e-mailed Defendant's attorneys requesting a telephone conference to discuss issues related to electronic discovery. That same day, Defendant's attorneys e-mailed Plaintiffs' attorneys and informed them that Defendant would provide information concerning its electronic database the following week. Two business-days later, on June 28, 2011, Defendant's attorneys sent Plaintiffs' attorneys a letter regarding their discovery requests, including electronic discovery, in an attempt to meet and confer in good faith. The parties have since agreed to discuss electronic discovery issues on July 7, 2011.

## 11. Material Protected by Privilege or Work Product

At this stage of the proceedings, no disputes regarding privilege or work product are

6

anticipated.

**12. Discovery Plan and Scheduling Order**

On May 19, 2011, the parties filed a discovery plan and proposed scheduling order. Dkt. No. 37. In that filing, the parties proposed the following discovery schedule.

a. <u>Fact Discovery</u>

Because this is a complex, class action lawsuit with twenty-one named plaintiffs and potentially involving the pay records of thousands of putative class members, the parties request a special scheduling review and a discovery period longer than one-hundred-eighty days from the date Defendant filed its appearance. The named plaintiffs speak primarily Spanish, necessitating additional time to translate documents. Additionally, the named plaintiffs all live in Mexico (mostly in rural communities), making general communication and deposition scheduling more difficult. For these reasons, Plaintiffs seek an order requiring all discovery to close on April 1, 2012. Defendant seeks an order requiring discovery to close 12 months after the Court's ruling on Defendant's Motion to Dismiss.

b. <u>Amendments to Pleadings</u>

Motions to amend pleadings or add parties shall be filed no later than December 1, 2011. Notwithstanding the foregoing, additional plaintiffs may opt-in consistent with the requirements of the Fair Labor Standards Act.

c. <u>Expert Discovery</u>

All expert disclosures shall be made 60 days before the close of discovery, and disclosures of rebuttal experts shall be made 30 days before the close of discovery.

d. <u>Dispositive Motions</u>

Dispositive motions shall be filed no later than 30 days after the close of discovery.

e. <u>Joint Pretrial Order</u>

The joint pretrial order shall be filed 30 days after the Court rules on dispositive motions.

### 13. Jury Trial

Plaintiffs have requested a jury trial. Defendant does not contest that request.

### 14. Trial

Plaintiffs estimate that a trial of this case will last no more than two weeks.

### 15. Settlement

Because this is a putative class action lawsuit, the Plaintiffs believe that settlement discussions should be deferred until they obtain more information about the size of the putative class and the Defendant's employment and wage payment practices as they relate to H-2A workers during relevant time periods.

### 16. Other Matters

None.

Dated: July 6, 2011

| HOLLAND & HART LLP | HUGHES SOCOL PIERS RESNICK & DYM, LTD. |
|---|---|
| /s/ Gregory Eurich | /s/ José Jorge Behar |
| Gregory Eurich | Matthew J. Piers |
| Joseph Neguse | José Jorge Behar |
| 555 17th Street, Suite 3200 | Christopher J. Wilmes |
| Denver, CO 80202 | Caryn C. Lederer |
| Phone: (303) 295-8166 | 70 W. Madison Street, Suite 4000 |
| Fax: (303) 975-5464 | Chicago, IL 60602 |
| | Tel: (312) 580-0100 |
| Jeremy Nork | Fax: (312) 580-1994 |
| 5441 Kietzke Ln. | |
| Second Floor | |
| Reno, NV 89511 | |
| Tel: 775-327-3043 | |
| Fax: 775-786-6179 | |