1 | Mark R. Thierman NV#8285
2 | **THIERMAN LAW FIRM, PC**
   | 7287 Lakeside Drive
   | Reno, Nevada 89511
3 | Tel: (775) 284-1500
   | Fax: (775) 703-5027
4 | E-mail: laborlawyer@pacbell.net

5 | Matthew J. Piers
6 | mpiers@hsplegal.com
   | José Jorge Behar
7 | jbehar@hsplegal.com
   | Christopher J. Wilmes
8 | cwilmes@hsplegal.com
   | Caryn C. Lederer
9 | clederer@hsplegal.com
   | **HUGHES SOCOL PIERS RESNICK & DYM, LTD.**
10 | 70 W. Madison Street, Suite 4000
    | Chicago, IL 60602
11 | Tel: (312) 580-0100
    | Fax: (312) 580-1994
12 |
13 | *Attorneys for Plaintiff*

14 | UNITED STATES DISTRICT COURT

15 | DISTRICT OF NEVADA

16 | VÍCTOR RIVERA RIVERA, ERNESTO    ) | CASE NO. 3:11-CV-118-RCJ-VPC
   | SEBASTIAN CASTILLO RIOS, VICENTE  )
17 | CORNEJO LUGO, JESÚS GARCÍA MATA, ) | **SECOND AMENDED CLASS ACTION**
   | LUIS ÁNGEL GARCÍA MATA,           ) | **COMPLAINT**
18 | GAUDENCIO GARCÍA RÍOS, SIMÓN      )
   | GARCÍA RÍOS, VICENTE CORNEJO CRUZ,)
19 | EMILIO MONTOYA MORALES, JORGE     )
   | LUIS AGUILAR SOLANO, DOMINGO      )
20 | RAMOS RIOS, ARTEMIO RINCÓN CRUZ,  )
   | SERGIO RIOS RAMOS, PEDRO RIVERA   )
21 | CAMACHO, GERARDO RIOS RAMOS,      )
   | REGULO RINCON CRUZ, AURELIANO     )
22 | MONTES MONTES, MANUEL RIVERA      )
   | RIVERA, JOSE BALDERAS GUERRERO,   )
23 | VIRGILIO MARQUEZ LARA, MARTIN     )
   | FLORES BRAVO, ERNESTO AGUILAR     )
24 | BOCANEGRA, SALVADOR ISIDRO        )
   | RAMIREZ, JOSE JUAN GARCIA MATA,   )
25 | individually and on behalf        )
26 | of all other persons similarly situated, )
    |                                    )
27 | Plaintiffs,                       )
    | _____ )
28 |

vs.                                    )
                                       )
PERI & SONS FARMS, INC.,               )
                                       )
                    Defendant.         )
_____)

## SECOND AMENDED CLASS ACTION COMPLAINT

### Introduction

1.     This is a class and collective action brought by 24 migrant agricultural workers on behalf of themselves and others similarly situated to secure and vindicate rights afforded by the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the Nevada Wage and Hour Laws, the Nevada Constitution, and the common law.

2.     The Plaintiffs allege that Defendant Peri & Sons Farms, Inc. ("Peri & Sons") failed to pay them minimum wages mandated by the FLSA, the Nevada Wage and Hour Laws, and the Nevada Constitution for their agricultural labor.  The Plaintiffs further contend that Defendant Peri & Sons breached multiple employment contracts with the Plaintiffs and their co-workers between February 16, 2005 and the present by failing to pay them contractually-guaranteed wages as promised in the employer's contracts with the Plaintiffs (commonly known as "clearance orders" or "job orders").

3.     The Plaintiffs seek an award of money damages as well as declaratory and injunctive relief to make them whole for injuries they suffered due to the Defendant's illegal employment practices.

### Jurisdiction

4.     The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act) because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, there are more than 100 members of the proposed

1    class, and Plaintiffs and members of the Class are citizens or subjects of a foreign state and

2    Defendant is a citizen of the State of Nevada.

3        5.      The Court also has jurisdiction over this case under the FLSA pursuant to 29

4    U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and has supplemental jurisdiction

5    over the Plaintiffs' Nevada statutory and common law claims pursuant to 28 U.S.C. § 1367.

6
                                              **Venue**
7

8        6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c),

9    because the acts or omissions that have given rise to the Plaintiffs' claims alleged herein

10   occurred within the District of Nevada and because the Defendant resides in this judicial

11   district.
12

13                                            **Parties**

14       7.      The Plaintiffs are citizens of Mexico.  Each of the Plaintiffs was admitted to

15   the United States on a temporary basis pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(a) to

16   cultivate, harvest, and process onions on the Defendant's Yerington, Nevada farm.  At
17
     various times between February 16, 2005 and the present, Peri & Sons employed Plaintiffs
18
19   and other similarly situated individuals to produce goods in interstate commerce.

20       8.      Defendant Peri & Sons is a Nevada corporation headquartered in Yerington,

21   Nevada.  Defendant produces, harvests, and packages onions in Nevada for sale in interstate

22   commerce. Defendant is an agricultural employer that used more than 500 days of
23
     agricultural labor in at least one calendar quarter during each of the previous six calendar
24
25   years.

26                                            **Facts**

27

28                                              3

                           SECOND AMENDED CLASS ACTION COMPLAINT

9. An agricultural employer in the United States may import aliens to perform labor of a temporary nature if the United States Department of Labor certifies that (1) there are insufficient available workers within the United States to perform the job, and (2) the employment of aliens will not adversely affect the wages and working conditions of similarly-situated United States workers. 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a) & 1188(a)(1). Aliens admitted in this fashion are commonly referred to as "H-2A workers."

10. Agricultural employers seeking the admission of H-2A workers must first file a temporary labor certification application with the United States Department of Labor, 20 C.F.R. §§ 655.130. This application must include a job offer, commonly referred to as a "clearance order" or "job order," that complies with applicable regulations. 20 C.F.R. § 655.121(a)(1). These regulations establish the minimum benefits, wages, and working conditions that the employer must offer to the employee in order to avoid adversely affecting similarly-situated United States workers. 20 C.F.R. §§ 655.0(a)(2), 655.122, and 655.135. Among these terms are assurances by the employer that:

- workers will be paid wages at least equal to the applicable adverse effect wage rate, 20 C.F.R. § 655.122(l);

- the employer will comply with all applicable federal and state employment-related laws and regulations, 20 C.F.R. § 655.135(e) and 20 C.F.R. § 653.501(d)(2)(xii);

- the employer will provide to the worker, without charge, all tools, supplies, and equipment required to perform the duties assigned, 20 C.F.R. 655.122(f);

4

SECOND AMENDED CLASS ACTION COMPLAINT

- the employer will provide or pay for transportation costs to the place of employment from the worker's home and subsistence en route, 20 C.F.R. § 655.122(h)(1); and

- the employer will provide or pay for transportation costs from the place of employment to the worker's home and subsistence en route, for those individuals who completed the contract period, 20 C.F.R. § 655.122(h)(2).

11.  Between 2004 and the present, Defendant applied for certifications to employ temporary foreign workers through the H-2A program, as described in Paragraphs 9 and 10 herein, to supplement its workforce.

12.  As part of its temporary labor certification applications, as described in Paragraph 10, Defendant prepared and submitted to the United States Department of Labor clearance orders containing a certification that the orders described the actual terms and conditions of the job, as required by 20 C.F.R. § 653.501(d)(3). The essential terms of the clearance orders were dictated by federal regulations: 20 C.F.R. §§ 653.501, 655.122, and 655.135.

13.  The Defendant's clearance orders explicitly incorporated the Department of Labor regulations at 20 C.F.R. § 655 Subpart B, including the terms described in Paragraph 10 of this Complaint.

14.  Pursuant to 20 C.F.R. § 655.122(q), Defendant's clearance orders served as the employment contract between Defendant and the H-2A workers, including the Plaintiffs and the other Class Members. Thus, the terms of Plaintiffs' and other Class Members' employment contracts include the Department of Labor regulations at 20 C.F.R. § 655 Subpart B, including the terms described in Paragraph 10 of this Complaint.

5

SECOND AMENDED CLASS ACTION COMPLAINT

15.    Defendant recruited the Plaintiffs and the other Class Members at various locations in Mexico to fill the positions certified by the Department of Labor and described in Defendant's clearance orders. Defendant's employees required many of the Plaintiffs and Class Members to pay a hiring or recruitment fee of between $ 100 and $ 500, each season, to be considered for work at Defendant's farm.

16.    After Defendant recruited them as H-2A workers, many of the Plaintiffs and the other Class Members were required to purchase a Mexican passport. All of the Plaintiffs and the other Class Members traveled at their own expense from their respective homes in Mexico to the United States Consulate in Hermosillo, Sonora, Mexico to apply for H-2A visas. Each worker paid the fees associated with obtaining the H-2A visas that they needed to work for Defendant. In addition, Plaintiffs and other class members paid for lodging while their visa applications were reviewed by the United States Consulate.

17.    After obtaining their H-2A visas, the Plaintiffs and the other Class Members crossed the Mexico/United States border, where each of them paid the United States Citizenship and Immigration Services a fee to obtain a Form I-94 as a prerequisite for entering the United States. The Plaintiffs and the other Class and Subclass Members then traveled by bus from the Mexico/United States border to Defendant's job site in Yerington, Nevada.

18.    The Plaintiffs and other Class Members each incurred more than $ 400 in visa and travel expenses, each time they traveled to work at Peri & Sons. Over the years, Plaintiffs and other Class Members traveled to Defendant's job site in Yerington, Nevada multiple times to work for Defendant.

SECOND AMENDED CLASS ACTION COMPLAINT

19.     Upon arriving in Yerington, the Plaintiffs and the other Class Members began working for Defendant.

20.     The work that Plaintiffs and the other Class Members performed for Defendant required the use of protective gloves.  Throughout the time period that Plaintiffs and the other Class Members were employed by Defendant, they purchased multiple pairs of gloves that they used while performing work for Defendant.  Each week of each season that Plaintiffs and other Class Members were employed by Defendant, they each spent $ 10.00 per week or more on gloves.

21.     The expenses described in Paragraphs 15, 16, 17, 18, and 20 that Plaintiffs and the other Class Members incurred were primarily for the Defendant's benefit.  Defendant never reimbursed the Plaintiffs and the other Class Members for these expenses, including those expenses for the costs of recruitment and processing fees, passports, photographs, visa application, lodging during the pendency of their visa applications, and travel between their homes and Hermosillo, Sonora and between Hermosillo, Sonora and the Defendant's job site.

22.     Between February 16, 2005 and the present, when Plaintiffs and the other Class Members worked for Defendant, Defendant did not pay them the adverse effect wage rate, as required by 20 C.F.R. § 655.102(b)(9), in each year they worked.  Often, Defendants paid Plaintiffs and the other Class Members several dollars less per hour than required by the adverse effect wage rate. For many pay periods of each season, Defendants paid Plaintiffs and other Class Members rates as low as $ 6.50 and $ 6.75 per hour.  The current adverse effect wage rate is $10.06 per hour and at all times since February 16, 2005 it has been at least $ 8.36 per hour.

SECOND AMENDED CLASS ACTION COMPLAINT

23.     Between February 16, 2005 and the present when Plaintiffs and the other Class Members worked in the fields picking onions, they were sometimes paid by the "piece rate," meaning they were paid according to the amount of onions they picked each day, rather than according to the number of hours worked.  When Plaintiffs and other Class Members were paid the piece rate, Defendant often did not pay them for all onions picked.  In addition, Defendants failed to make piece rate payments that were equivalent to the adverse effect wage rate.

24.     In addition, Plaintiffs and the other Class Members incurred the expenses described in Paragraphs 15, 16, 17, 18, and 20 in anticipation of their employment with Defendant.  Consequently, during the Class Members' initial week of employment for each year they worked, their wages were less than the FLSA minimum wage, the Nevada state minimum wage, the Nevada constitutional minimum wage, and the applicable adverse effect wage rate.

25.     Defendant also failed to pay Plaintiffs and the other Class Members wages for all hours worked for each year they worked.  Defendants failed to pay each of Plaintiffs and other Class Members at least $ 100 in earned wages each season.

26.     When Plaintiffs and the other Class Members finished working for Defendant, they traveled from Yerington, Nevada to their respective homes in Mexico.  Defendant did not fully pay for the transportation of the Plaintiffs and other Class Members from Defendants' job site to the place from which they had come to work, *i.e.,* their homes in Mexico, providing only, in some cases, limited assistance to reach the Mexican border.  In addition, Defendant did not pay Plaintiffs' and the other Class Members' lodging or subsistence costs for their return trips home from Defendants' job site to their homes in

8

Mexico.  Plaintiffs and other Class Members each incurred more than $ 100 in unreimbursed expenses each time they traveled from Defendant's job site to their homes in Mexico.

### Collective Action/Class Action Allegations

27.     The Plaintiffs bring the claims set forth in Count I, alleging violations of the FLSA, as an opt-in representative or collective action, on behalf of themselves and other individuals similarly situated who have been damaged by Defendant's failure to pay them the minimum wage during the first week of employment.  Each Plaintiff has consented to be a party to this litigation. *See* Exhibit A.

28.     The Plaintiffs bring the claims set forth in Counts II, III, IV on behalf of themselves and all other similarly situated persons pursuant to Rules 23(b)(2) and (3) of the Federal Rules of Civil Procedure.

29.     Plaintiffs seek to represent a Class consisting of all H-2A workers whom Defendant Peri & Sons employed between February 16, 2005 and the present.

30.     Defendant's Department of Labor clearance orders reflect that Defendant requested, and the Department of Labor approved, employment for:

a.     more than 2,000 H-2A workers during the time period from February 16, 2009 to the present;

b.     more than 4,000 H-2A workers during the time period from February 16, 2008 to present;

c.     more than 7,000 H-2A workers during the time period from February 16, 2005 to the present.

9

SECOND AMENDED CLASS ACTION COMPLAINT

31.     The precise number of individuals in the Class is known only to the Defendant.  However, based on Defendant's clearance orders, the Class is believed to exceed 2,000 individuals and cover more than 7,000 employment contracts with those individuals.

32.     The Class Members are so numerous and so geographically dispersed as to make joinder impractical.

33.     It is economically infeasible for each Class Member to maintain separate actions because each of their claims is relatively small in size.

34.     There are questions of law and fact common to the Class Member's claims against Defendant.  These common legal and factual questions include:

a.     whether Defendant breached the terms of Class Members' employment contracts by failing to pay Class Members for their travel and immigration expenses, as required by those contracts;

b.     whether Defendant breached the terms of Class Members' employment contracts by not paying them the adverse effect wage rate during the course of their employment;

c.     whether Defendant breached the terms of Class Members' employment contracts by failing to pay Class Members for all hours worked;

d.     whether Defendant breached the terms of Class Members' employment contracts by failing to provide all tools, supplies, and equipment required to perform the duties assigned; and

e.     whether Defendant violated the Nevada Wage and Hour Laws or the Nevada Constitution by not paying Class Members for the transportation and immigration expenses that they incurred for the benefit of Defendant.

SECOND AMENDED CLASS ACTION COMPLAINT

35.    The Plaintiffs' class claims in Counts II, III, and IV are typical of the claims of other Class Members, and these typical, common claims predominate over any questions affecting only individual Class Members.  The Plaintiffs have the same interests as other Class Members and will vigorously prosecute these interests on behalf of the Class.

36.    The Plaintiffs will fairly and adequately represent the interests of the Class. The Plaintiffs' interests are in no way antagonistic or adverse to those of the other Class Members.

37.    The Plaintiffs' attorneys are experienced in representing plaintiffs in labor and employment class actions and have handled numerous class actions in the federal courts. The Plaintiffs' attorneys are prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the Class Members.

38.    This case should be certified under Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

39.    In particular, Defendant's illegal employment practices – including its non-payment of travel and immigration expenses and its refusal to pay Class Members the adverse effect wage rate – have injured the Class Members in generally the same way.

40.    Alternatively, this case should be certified under Federal Rule of Civil Procedure 23(b)(3) because a class action is superior to other available methods of adjudicating this controversy for several reasons:

11

SECOND AMENDED CLASS ACTION COMPLAINT

a. The common issues of law and fact, as well as the relatively small size of the Class Members' claims, substantially diminish Class Members' interest in individually controlling the prosecution of separate actions;

b. Many Class Members are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

c. A class action will avoid the heavy burden of multiple, duplicative lawsuits and avoid the virtually impossible task of getting all Class Members to intervene as party-plaintiffs in this action;

d. A class action will allow the Court to adjudicate the claims of all Class Members at once;

e. A class action will allow the Court to enter appropriate final monetary relief with respect to the Class as a whole;

f. A class action can be managed without undue difficulty because the Defendant has regularly committed the violations complained of herein and is required to maintain detailed records concerning each Class Member.

## COUNT I

### (VIOLATIONS OF THE FAIR LABOR STANDARDS ACT)

41. Plaintiffs incorporate Paragraphs 1 to 40 of their Complaint.

42. Defendant violated the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by not paying Plaintiffs the federal statutory minimum wage for every compensable hour that Plaintiffs worked for the Defendant between February 16, 2008 and the present.

SECOND AMENDED CLASS ACTION COMPLAINT

43.     Defendant's FLSA violations resulted in part from Defendant's failure to reimburse the Plaintiffs, during their respective first weeks of employment, for travel and immigration expenses that they incurred primarily for Defendant's benefit.

44.     Defendant's violations of Plaintiffs' rights under the FLSA as described herein were deliberate, intentional, and willful. 29 U.S.C. § 206.

45.     As a consequence of Defendant's FLSA violations, Plaintiffs are entitled to recover their unpaid minimum wages for three years prior to the filing of this lawsuit, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs request that this Court enter an order:

a.     Certifying this case as a collective action under 29 U.S.C. § 216(b);

b.     Entering judgment in the amount of all unpaid minimum wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c.     Declaring that Defendant's conduct violated the FLSA;

d.     Enjoining Defendant from violating the FLSA's minimum wage provisions;

e.     Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

f.     Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g.     Awarding such other and further relief as this Court deems appropriate and just.

### COUNT II

### (BREACH OF CONTRACT)

46.     Plaintiffs incorporate Paragraphs 1 to 40 of their Complaint.

13

47.     The clearance orders described in Paragraphs 12 to 14 of this Complaint constituted employment contracts between Defendant and Class Members.

48.     Between February 16, 2005 and the present, Defendant breached Plaintiffs' and Class Members' employment contracts in the following ways:

a.     Defendant paid Plaintiffs and the other Class Members at rates below the applicable adverse effect wage rate for every year Plaintiffs and the other Class Members worked;

b.     Defendant failed to provide employment that complied with all applicable federal and state employment-related laws and regulations;

c.     Defendant failed to provide or pay for transportation and immigration expenses to and from the Plaintiffs' and the other Class Members' homes for every year Plaintiffs and the other Class Members worked;

d.     Defendant failed to provide all tools, supplies, and equipment required to perform the duties assigned for every year Plaintiffs and the other Class Members worked; and

e.     Defendant failed to pay Plaintiffs and the other Class Members for all hours worked for every year Plaintiffs and the other Class Members worked.

49.     Defendant's breaches of Plaintiffs' and the other Class Members' employment contracts caused Plaintiffs and the other Class Members substantial injuries in the form of lost wages.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs request that this Court enter an order:

a.    Certifying this case as a class action in accordance with Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure with respect to the claims set forth in Count II;

b.    Granting judgment in favor of the Plaintiffs and the other Class Members and against Defendant on the claims as set forth in Count II and entering an order awarding them actual damages;

c.    Awarding the Plaintiffs their reasonable attorneys' fees pursuant to the common-fund doctrine;

d.    Awarding the Plaintiffs the costs of this action;

e.    Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f.    Granting such further relief as this Court deems just and appropriate.

## COUNT III

### (VIOLATIONS OF THE NEVADA WAGE AND HOUR LAWS)

### (N.R.S. 608.040, 608.050, 608.140, 608.250 & 608.260)

50.    Plaintiffs incorporate Paragraphs 1 to 40 of their Complaint.

51.    Defendant failed to pay the Plaintiffs and the other Class Members in compliance with the minimum wage requirements of the Nevada Wage and Hour Laws. N.R.S. 608.250 & 608.260.

52.    Among other things, Defendant violated the minimum wage requirements of the Nevada Wage and Hour Laws by not reimbursing the Plaintiffs and the other Class Members during their first week of employment for expenses Plaintiffs incurred primarily benefitting the Defendant, as set forth in Paragraphs 15, 16, 17, 18, and 20, for every year that Plaintiffs and the other Class Members worked.

15

53.    Additionally, Defendant has not paid Plaintiffs and the other Class Members wages due and owing to them under their employment contracts for every year that Plaintiffs and the other Class Members worked.  As a result, Plaintiffs seek to recover those unpaid wages and all applicable penalties allowed by law.  *See* N.R.S. 608.040, 608.050 & 608.140.

54.    These penalties include but are not limited to, thirty (30) days of wages for each employment contract, from February 16, 2005 to present under which Defendant failed to pay Plaintiffs and the other Class Members the agreed upon wages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs request that this Court enter an order:

a.    Certifying this case as a class action in accordance with Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure with respect to the claims set forth in Count III;

b.    Granting judgment in favor of the Plaintiffs and the other Class Members and against Defendant on the claims as set forth in Count III and awarding the Plaintiffs and each of the Class Members his or her respective actual damages, as well as all applicable penalties, including thirty (30) days of wages for each employment contract under which Defendant failed to pay Plaintiffs and other Class Members the agreed upon wages;

c.    Declaring that Defendant's conduct violated the Nevada Wage and Hour Laws;

d.    Enjoining Defendant from violating the Nevada Wage and Hour Laws, N.R.S. 608.040, 608.050, 608.140, 608.250 & 608.260;

e.    Awarding the Plaintiffs their reasonable attorneys' fees pursuant to the common-fund doctrine;

f.    Awarding the Plaintiffs the costs of this action;

16

SECOND AMENDED CLASS ACTION COMPLAINT

g.     Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action, as provided by law; and

h.     Granting such further relief as this Court deems just and appropriate.

## COUNT IV

### (VIOLATIONS OF THE NEVADA CONSTITUTION)

### (Article 15, Section 16)

55.     Plaintiffs incorporate Paragraphs 1 to 40 of their Complaint.

56.     Defendant failed to pay the Plaintiffs and the other Class Members in compliance with the minimum wage requirements of Article 15, Section 16 of the Nevada Constitution.

57.     Among other things, Defendant violated the minimum wage requirements of the Nevada Constitution by not reimbursing the Plaintiffs and Class Members during their first week of employment for expenses they incurred primarily benefitting the Defendant, as set forth in Paragraphs 15, 16, 17, 18, and 20, for every year that Plaintiffs and the other Class Members worked.

58.     As a result of the Defendant's violations of the Nevada Constitution, the Plaintiffs and Class Members are entitled to recover the amount of their unpaid minimum wages.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs request that this Court enter an order:

a.     Certifying this case as a class action in accordance with Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure with respect to the claims set forth in Count IV;

17

SECOND AMENDED CLASS ACTION COMPLAINT

1        b.     Granting judgment in favor of the Plaintiffs and the other Class Members and

2 against Defendant on the claims as set forth in Count IV and awarding the Plaintiffs and each

3 of the Class Members his respective actual damages, as well as all applicable penalties;

4        c.     Declaring that Defendant's conduct violated the Nevada Constitution;

5

6        d.     Enjoining Defendant from violating the Nevada Constitution's minimum

7 wage provision;

8        e.     Awarding the Plaintiffs their reasonable attorneys' fees pursuant to the

9 common-fund doctrine and pursuant to the Nevada Constitution;

10        f.     Awarding the Plaintiffs the costs of this action;

11

12        g.     Awarding pre-judgment and post-judgment interest on all monetary amounts

13 awarded in this action, as provided by law; and

14        h.     Granting such further relief as this Court deems just and appropriate.

15                   **Jury Demand**

16       Plaintiffs demand trial by jury on all issues as to which a jury trial is available.

17

18 Dated: May 16, 2011                  Respectfully Submitted,

19                            /s/ José J. Behar

20                     Mark R. Thierman, NV#8285
                       THIERMAN LAW FIRM, PC

21                     7287 Lakeside Drive
                     Reno, Nevada 89511

22                     Tel: (775) 284-1500
                     Fax: (775) 703-5027

23                     E-mail: laborlawyer@pacbell.net

24                     Matthew J. Piers
                     mpiers@hsplegal.com

25                     José Jorge Behar
                     jbehar@hsplegal.com

26                     Christopher J. Wilmes
                     cwilmes@hsplegal.com

27                     Caryn C. Lederer
                     clederer@hsplegal.com

28                         18

HUGHES SOCOL PIERS RESNICK &
DYM, LTD.
70 W. Madison Street, Suite 4000
Chicago, IL 60602
Tel: (312) 580-0100
Fax: (312) 580-1994

19

SECOND AMENDED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

Kalman D. Resnick
Direct Line: (312) 604-2608
Direct Fax: (312) 604-2609
Email: kresnick@hsplegal.com

**Hughes Socol Piers Resnick & Dym Ltd.**
Attorneys at Law

## FLSA CONSENT FORM/
## CONSENTIMIENTO PARA ACCIÓN FLSA

I hereby consent to be part of the collective action/class action lawsuit against Peri & Sons, Inc. to bring claims pursuant to the Fair Labor Standards Act.

_Jorge Luis Aguilar Solano_
First and Last Name(s) (printed)

_Jorge Luis Aguilar Solano_
Signature

_12 / 01 / 2010_
Date

Por esté medio, doy mi consentimiento para ser parte en el litigio colectivo en contra Peri and Sons, Inc, para presentar las demandas bajo la Acta de Normas Laborales Justas.

_Jorge Luis Aguilar Solano_
Nombre y Apellido(s) (en letra de molde)

_Jorge Luis Aguilar Solano_
Firma

_12 / 01 / 2010_
Fecha

00265800.DOC



**Hughes Socol Piers Resnick & Dym Ltd.**
Attorneys at Law

Kalman D. Resnick
Direct Line: (312) 604-2608
Direct Fax: (312) 604-2609
Email: kresnick@hsplegal.com

### FLSA CONSENT FORM/
### CONSENTIMIENTO PARA ACCIÓN FLSA

I hereby consent to be part of the collective action/class action lawsuit against Peri & Sons, Inc. to bring claims pursuant to the Fair Labor Standards Act.

Jorge Balderas Guerreo
First and Last Name(s) (printed)

Signature

16 de Febrero 2011
Date

Por este medio, doy mi consentimiento para ser parte en el litigio colectivo en contra Peri and Sons, Inc, para presentar las demandas bajo la Acta de Normas Laborales Justas.

Jorge Balderas Guerrero
Nombre y Apellido(s) (en letra de molde)

Firma

16 de Febrero 2011
Fecha

00265800.DOC

Three First National Plaza 70 W Madison St. Suite 4000 Chicago, IL 60602-4698 tel (312) 604-2608 www.hsplegal.com