UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| VICTOR RIVERA RIVERA, et al., | ) | 3:11-CV-0118-RCJ-VPC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | DATE: August 11, 2011 |
| | ) | |
| PERI & SONS FARMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT: THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE
DEPUTY CLERK:     LISA MANN      REPORTER: NONE APPEARING
COUNSEL FOR PLAINTIFF(S): NONE APPEARING
COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Pursuant to Fed.R.Civ.P. 16 and Local Rule ("LR") 16-2, a case management conference shall be set before United States Magistrate Judge Valerie P. Cooke as the court concludes that a Rule 16 case management conference will assist the parties, counsel, and the court.

A case management conference is set before this Court on **Thursday, September 1, 2011 at 2:00 p.m.** Out-of-state counsel shall be allowed to appear telephonically for this hearing and shall advise Lisa Mann at (775)686-5653 at least two (2) days prior of the telephone number at which counsel can be reached for this case management conference.

In preparation for the case management conference, it is hereby ordered as follows:

   A.   **Case Management Report**

The parties shall jointly file a case management report with the Clerk of Court not less than **seven (7) court days** prior to the case management conference. The case management report shall not exceed **ten (10) pages**. It is plaintiff's responsibility to initiate and prepare the joint case management report, and it is defendants' responsibility to assist in preparation of the case management report.

The parties shall submit a joint case management report to include the following information in separately numbered paragraphs:

   1.   A short statement of the nature of the case (three pages or less), including a description of each claim and defense;

2. A description of the principal factual and legal disputes in the case;

3. The jurisdictional bases for the case, citing specific jurisdictional statutes;[1]

4. Any parties who have not been served and an explanation why they have not been served; and any parties which have been served but have not answered or otherwise appeared;

5. A statement whether any party expects to add additional parties to the case or otherwise amend the pleadings (the court will set a deadline to join parties or amend pleadings at the case management conference);

6. A list of contemplated motions and a statement of issues to be decided by these motions;

7. Whether there are any pending motions that may affect the parties' abilities to comply with a case management order, including a brief description of those motions;

8. The status of related cases pending before other courts or other judges of this court;

9. Any further supplemental discussion of necessary discovery, including:

    a. The extent, nature, and location of discovery anticipated by the parties;

    b. Suggested revisions, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and LR 26(1)(e);

    c. The number of hours permitted for each deposition, unless extended by the parties.

10. A discussion of any issues relating to the disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (*see* Rules 16(b)(5), 26(f)(3));

11. A discussion of any issues related to claims of privilege or work product (*see* Rules 16(b)(6), 26(f)(4));

---

[1]If jurisdiction is based on diversity, the basis shall include a statement of the citizenship of every party and the amount in dispute. *See* e.g. U.S.C. § 1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business and (2) partnerships and limited liability companies are citizens of every state in which one of their members or partners resides. *See* 28 U.S.C. § 1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003).

12. In the event the Court has not already approved a discovery plan and scheduling order, the parties shall include proposed dates for each of the following pursuant to Local Rule 26-1:

   a. A deadline for the completion of discovery;

   b. A deadline for amending the pleadings and adding parties;

   c. Dates for complete disclosure of expert testimony under Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure;

   d. A deadline for the filing of dispositive motions; and

   e. A date by which the parties will file the joint pretrial order.

13. Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth reasons);

14. The estimated length of trial and any suggestions for shortening the trial;

15. The prospects for settlement, including any request of the court for assistance in settlement efforts; and

16. Any other matters that will aid the court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Fed.R.Civ.P. 1.

**B.    Case Management Conference and Order**

The court directs counsel to Rule 16 of the Federal Rules of Civil Procedure for the objectives of the case management conference. Counsel who appear at the case management conference shall have authority to enter into stipulations regarding all matters that may be discussed.

**C.    Other Matters**

Counsel for all parties are expected to comply fully with the Federal Rules of Civil Procedure and this court's Local Rules to minimize the expense of discovery.

The Clerk of Court shall serve copies of this order to all counsel of record and to any parties appearing *in propria persona*.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By:_____/s/_____
Lisa Mann, Deputy Clerk