1

2

3

4

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

5

6   VICTOR RIVERA RIVERA, *et al.*,

7                    Plaintiffs,                          3:11-cv-00118-RCJ-VPC

8        vs.                                              **ORDER**

9   PERI & SONS FARMS, INC.,

10                   Defendant.

11

12         This case arises from Defendant's alleged violation of certain wage and labor laws.

13   Pending before the Court is Plaintiffs' Motion for Preliminary Approval of Class and Collective

14   Action Settlement (ECF No. 160).  On March 25, 2015, under a belief that Plaintiffs' Motion

15   was jointly filed, given that the attached "Joint Stipulation and Agreement to Settle Class Action

16   Claims" was signed by Class Counsel and Mr. David Peri, the Court preliminary approved the

17   settlement terms and authorized that notice be sent to the proposed class. (ECF No. 163).

18         Subsequently, Defendant filed an Emergency Motion to Vacate the Order preliminarily

19   approving the settlement, (ECF No. 165), explaining that the Motion was not filed jointly and

20   that, in fact, Defendant disagreed with part of the Motion.  Defendant's disagreement stemmed

21   from Class Counsel's requested attorneys' fees.[1]  During mediation, the parties agreed that Class

22   Counsel would "ask the Court to award them a percentage of the Settlement Fund as attorneys'

23   ───────────────────

24   [1] Defendant agrees that all other terms of the "Stipulation and Agreement to Settle Class Claims," (ECF No. 161-1), are fair and that the settlement "should be approved by the Court." (Resp. 2, ECF No. 164).

1   fees and litigation costs in an amount of up to $800,000." (Settlement Agreement 9, ECF No.

2   161-1).  Defendant further agreed not to object to the request "from the Settlement Fund in this

3   amount." (*Id.*).  However, a few days after the parties signed the Settlement Agreement,

4   Defendant discovered that Class Counsel had already received a payment of $413,855 from the

5   Mexican Government to initiate or otherwise maintain this litigation. (Mot. to Vacate 3, ECF

6   No. 165).  This payment was never disclosed during mediation or negotiations, and Defendant

7   agreed to the $800,000 award-cap completely unaware that Class Counsel had already received a

8   payment of attorneys' fees from an interested third party.  Plaintiffs do not dispute these

9   allegations.

10          The Emergency Motion was thus filed to bring to the Court's attention Class Counsel's

11   failure to disclose the prior payment during mediation.  Finding the prior payment relevant to the

12   issue of attorneys' fees in the settlement of this proposed class and collective action, the Court

13   granted the Motion to Vacate.  The Court has now considered Plaintiffs' Motion, Defendant's

14   Response, and Plaintiffs' Reply, (ECF No. 166), and is prepared to make a ruling on the Motion.

15          Plaintiffs' Motion for Preliminary Approval is granted in part and denied in part.  The

16   Court adopts Plaintiffs' proposed order as recited below; however, the Court finds it necessary to

17   modify the amount of attorneys' fees to which Class Counsel is entitled in this case.  First,

18   Plaintiffs' Motion makes no indication whatsoever that the $413,855 payment received from the

19   Mexican Government was not disclosed during mediation.  In the Motion, Class Counsel

20   discusses the payment in such a nonchalant manner that the Court had no idea Defendant was

21   uninformed when agreeing to the Settlement that Class Counsel had already accepted attorneys'

22   fees of nearly half a million dollars.  This detail most certainly would have been relevant during

23

24

settlement negotiations and the Court finds that it was borderline dishonest for Class Counsel to merely wait and see whether Defendant asked the right question before coming clean.

Unfortunately, however, Defendant's counsel never asked the right question during settlement negotiations.  But as Defendant points out, "it [was] not foreseeable that the Mexican Government would have made a side-payment to Plaintiffs' counsel such that a question would be posed to that effect." (Mot. to Vacate 4).  Without even a hint from Class Counsel that a third party, such as the Mexican Government, was backing this litigation, there was no fathomable reason for Defendant's counsel to inquire whether any payments had already been received.

Second, Class Counsel argues that the $413,855 is irrelevant to whether the Settlement Agreement is reasonable and worthy of the Court's approval.  The Court disagrees.  Regardless of whether the ultimate terms of the Settlement Agreement are reasonable, Class Counsel's negotiation tactics are very much relevant to whether the Court should preliminarily approve the requested fee award. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011) (encouraging courts to evaluate not only the amount of a requested attorneys' fees award in a class action settlement but also how the parties arrived at the requested amount).

Class Counsel maintains that the Mexican Government's financial support of this litigation "was hardly shrouded in secrecy." (Reply 3 n.2, ECF No. 166).  According to Class Counsel, "[a] simple Google search, for instance, using the terms "Hughes Socol Peri" uncovers several news reports." (*Id.*).  Based on this argument, Class Counsel would have the Court simply shrug its shoulders at Defendant's position all because Defendant's counsel failed to engage in sufficient "Googling" prior to mediation.  This, the Court will not do.

Class Counsel knew that the $413,855 payment needed the Court's approval given the class and collective status of this action.  Therefore, Class Counsel also knew that Defendant

would eventually become aware that its counsel had not been fully informed of all the pertinent information when negotiating the cap on attorneys' fees.  The Court is unsure what Class Counsel expected would happen once Defendant discovered the prior payment.  Perhaps Class Counsel looked forward to savoring a "gotcha" moment, or perhaps Class Counsel naively thought that the prior payment was unimportant to the negotiations since the Court would ultimately determine the reasonableness of any award.  In any event, the decision to not be forthcoming with the details of the $413,855 payment during settlement negotiations was ill-conceived.

Although Plaintiffs openly discussed the prior payment in their Motion for Preliminary Approval, the Court disagrees that it rendered the previous Order "with full information about the total fees Class Counsel would receive . . . ." (Reply 2).  The fact that such an important detail was intentionally omitted during settlement discussions convinces the Court that a downward departure from the requested fees in this case is warranted.  Plaintiffs ask the Court to approve a total attorneys' fee award of $1,213,855—$800,000 plus the $413,855.  However, since the parties agreed that $800,000 was an appropriate cap on attorneys' fees, the Court will hold Plaintiffs to that amount. *C.f. May v. Anderson*, 119 P.3d 668, 670 (Nev. 2005).

The $413,855 already received by Class Counsel as attorneys' fees is to be deducted from the settled-on amount of $800,000.  Accordingly, the remaining $386,145 to be awarded as attorneys' fees may be allocated to Class Counsel out of the Settlement Fund.  The $413,855 from the Settlement Fund, which had been set aside as part of the fee award, is to be reapportioned as part of the settlement amount for class members.  The notice to be sent to potential class members should reflect this reallocation as well as the fact that a portion of the attorneys' fees award has been paid by the Government of Mexico.

The Motion is otherwise granted as follows:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216, the following class is conditionally certified for settlement purposes only, "All H-2A workers whom Defendant Peri & Sons Farms, Inc. employed between February 16, 2005 and December 31, 2011."

2. José J. Behar, Matthew J. Piers, Christopher J. Wilmes, and Caryn C. Lederer of Hughes Socol Piers Resnick & Dym, Ltd., and Mark R. Thierman of the Thierman Law Firm are designated as Class Counsel.

3. Plaintiffs Victor Rivera Rivera, Ernesto Sebastian Castillo Rios, Vicente Cornejo Lugo, Jesus Garcia Mata, Luis Angel García Mata, Gaudencio Garcia Rios, Simon Garcia Rios, Vicente Cornejo Cruz, Emilio Montoya Morales, Jorge Luis Aguilar Solano, Domingo Ramos Rios, Artemio Rincon Cruz, Sergio Rios Ramos, Pedro Rivera Camacho, Gerardo Rios Ramos, Regulo Rincon Cruz, Aureliano Montes Montes, Manuel Rivera Rivera, Jose Balderas Guerrero, Virgilio Marquez Lara, Martin Flores Bravo, Ernesto Aguilar Bocanegra, Salvador Isidro Ramirez, and Jose Juan Garcia Mata, are designated as representatives for the Class.

4. The form of class notice attached as exhibits to the parties' Settlement Agreement, as modified above by the Court, and the plan for its dissemination specified in the Settlement Agreement are approved. The designated settlement administrators shall issue notice to the Class in accordance with the timeline set forth in Section IV(D) of the Settlement Agreement.

5.   A final fairness hearing will be held on **September 21, 2015 at 10:00 a.m.**

in Courtroom 6 of the U.S. District Courthouse for the District of Nevada, 400

S. Virginia Street, Reno, Nevada, 89501.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Motion for Preliminary Approval of Class

and Collective Action Settlement is GRANTED in part and DENIED in part.

The Settlement is approved as reported with the exception that the amount of the

Settlement Fund to be apportioned for attorneys' fees is reduced to $386,145.  The remaining

$413,855 of the Settlement Fund that the parties originally requested as part of the attorneys'

fees award is to be reallocated to the settlement amount for potential class members.  The notice

sent to potential class members will reflect these modifications as well as the fact that the

Mexican Government paid $413,855 of the attorneys' fees.

IT IS SO ORDERED.


Dated:  April 13, 2015.

_____
ROBERT C. JONES
United States District Judge